Appeal of **HENRY REUBEL,** sole sur-        Docket No. 671.
viving executor of the estate of **JOHN**
**KRODER.**

> Taxpayers reporting income upon the basis of cash receipts and disbursements may not deduct the estate tax upon the accrual basis.

Submitted February 16, 1925; decided February 28, 1925.

*J. R. Little, Esq.,* for the taxpayer.

. *W. F. Gibbs, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This is an appeal involving income tax of the taxpayer for the calendar year 1919. It was heard upon a stipulation of facts and on argument. The deficiency asserted by the Commissioner is $789.78.

#### FINDINGS OF FACT.

John Kroder died a resident of the City, County, and State of New York, on the 28th day of September, 1918.

On March 26, 1920, the executors of the estate of John Kroder filed with the collector of the second district of New York the required Federal estate tax return, showing tax liability thereon of $13,876.24, and paid the said sum of estate tax at that time.

Thereafter, the Commissioner, on June 21, 1922, assessed an additional Federal estate tax upon the estate of John Kroder in the sum of $4,516.21, and this additional estate tax was paid by the executors on the 20th day of July, 1922.

The total Federal estate tax assessed against and paid by the said estate amounted to $18,392.45.

On or before March 15, 1920, the taxpayer, for the estate of John Kroder, filed an income-tax return with the collector of the second district of New York for the calendar year 1919.

The said income-tax return was made upon a cash receipts and disbursements basis, and there was reported as income therein the cash received by the estate in the form of income, and there were claimed as deductions the sums paid out during the year 1919, to which the taxpayer believed himself to be entitled as deductions.

On February 17, 1924, the Commissioner mailed to the taxpayer a deficiency letter in which he determined a deficiency in tax in the sum set forth above, basing said determination upon the disallowance of expenses of administration, appraisal, and legal fees in connection with the administration of the estate in the sum of $4,222.65. The disallowance of the said item of deduction is admitted by the taxpayer to be a correct action on the part of the Commissioner.

### DECISION.

The deficiency determined by the Commissioner in the sum of $789.78 for the year 1919 is approved.

### OPINION.

JAMES: The sole question involved in this appeal is whether an accrued item of expense may be deducted by a taxpayer, although not paid during the year for which a return of income is made, when the return of the taxpayer is made upon the basis of cash receipts and disbursements.

The taxpayer claims that he is entitled to deduct in the calendar year 1919 the sum of $18,392.45 estate tax which accrued in that year, in the sense that it became due and payable, although it was actually paid in two parts, one item of $13,876.24 in 1920, and one item of $4,516.21 in 1922.

The determination of this question, we believe, turns upon the definition of "paid or incurred" or "paid or accrued" contained in section 200 of the Revenue Act of 1918, the material portion of which section reads as follows:

SEC. 200. That when used in this title—

\*    \*    \*    \*    \*    \*    \*

The term "paid," for the purposes of the deductions and credits under this title, means "paid or accrued" or "paid or incurred," and the terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212.

Section 212 (b), so far as material, provides as to the method of computing net income as follows:

SEC. 212. (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period \* \* \* *in accordance with the method of accounting regularly employed in keeping the books of such taxpayer;* \* \* \*

Section 214 (a) (3), so far as material, provides as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

\*    \*    \*    \*    \*    \*    \*

(3) Taxes *paid or accrued* within the taxable year \* \* \*.

Section 219, so far as material, provides as follows:

SEC. 219. (b) \* \* \* The net income of the estate or trust shall be computed in the same manner *and on the same basis* as provided in section 212. \* \* \* (Italics ours.)

It is clear from the provisions above cited that Congress intended, so far as possible, in adopting the Revenue Act of 1918, to provide

for methods of accounting for income which would correspond with the income determined by taxpayers in accordance with their own regular methods of accounting. The historical development of the provisions above cited is significant of the development of congressional action in this connection.

The quoted portion of section 200 is without parallel in any act relating to the income tax previous to the Act of 1918. Section 212 (b) was preceded by the provisions of section 8 (g) of the Act of 1916, which remained in force after the passage of the Act of 1917, reading as follows:

> SEC. 8. (g) An individual keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect his income, may, subject to regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, make his return upon the basis upon which his accounts are kept, in which case the tax shall be computed upon his income as so returned.

Section 214 (a) (3) appears in the Acts of 1917, 1916, and 1913 in the following language:

> SEC. 5. (a) Third. Taxes *paid* within the year * * *. (Acts of 1916 and 1917.)

> B. [7] third, all national, State, county, school, and municipal taxes *paid* within the year, * * *. (Act of 1913.)

In the Corporation Excise Tax Act of 1909 the following pertinent language appears:

> SEC. 38. That every corporation * * * shall be subject to pay annually a special excise tax * * * equivalent to one per centum upon the entire net income * * * *received* by it from all sources during such year, * * *.
>
> Such net income shall be ascertained by deducting from the gross amount of the income * * * *received* within the year from all sources * * *.
>
> (Fourth). All sums *paid* by it within the year for taxes * *. *. (Italics ours.)

We thus see the steady development, through the acts passed by Congress from 1909 to 1918, of the concept of measuring income either upon a cash receipts and disbursements basis or upon the accrual basis. We see how slowly Congress moved away from the cash receipts and disbursements basis unequivocally laid down in the Act of 1909 through the grudging admission of the alternative accrual basis in 1916 and 1917 to the absolute requirement of the alternative basis as set forth in the Act of 1918.

With the above observations in mind, the intent of Congress in the use of the words "paid or accrued" becomes clear. Congress was not providing in the Act of 1918, when it used these words with reference to taxes, that a taxpayer might choose with respect to taxes alone whether he would deduct taxes paid or taxes accrued, or whether he would deduct some taxes which he had paid and others which he chose to accrue, but Congress was providing that if he kept his books and made his returns upon an accrual basis he should then be allowed a deduction of taxes accrued but not of taxes paid. Or, if the taxpayer was keeping his books and making his returns upon the basis of cash receipts and disbursements, Congress provided that he might deduct taxes *paid* within the year, but Congress did not in that case provide that he might deduct taxes accrued.

It will be further noted that section 212 (b) provides:

\* \* \* if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income.

Congress was concerned with the reporting of income upon a basis which would reflect the true net income as nearly as possible. It is manifest that income could be distorted by taxpayers at will if they were permitted to choose indiscriminately between reporting items of income upon a received or accrued basis, and likewise could distort their returns out of all relation to the truth if permitted to choose between items of paid or accrued deductions. To read " paid or accrued " as giving an election to the taxpayer with respect to each item of expense or deduction, is to read section 214 wholly without reference to the provisions of sections 200 and 212, and without giving to the language in those sections its full and natural effect.

The taxpayer in his brief has cited *Woodward* v. *United States*, 56 Ct. Cl. 133, and *United States* v. *Woodward*, 256 U. S. 632, as authority for his position in this appeal. As we view it, *United States* v. *Woodward* is authority merely for the proposition that estate taxes are properly deductible in determining net income, and is further authority for the definition of the date of accrual of the estate tax as the time when it becomes due and payable. The *Woodward* case was tried before the Court of Claims upon a stipulation of facts, which stipulation is set forth in full in the findings of fact of the Court. The stipulation is entirely silent as to the basis upon which the books of the taxpayer in that case were kept. For all the records show, they may have been kept either upon the cash receipts and disbursements basis or upon the accrual basis. Inasmuch as the basis of accounting was not set forth in the stipulated facts, the Court was entitled to presume that the basis of the accounting was consistent with the claim of the taxpayer. Apparently the Court did so presume, for the opinion of the Court of Claims is entirely silent on the question before this Board on this appeal.

In the Supreme Court the facts, of course, were the same as in the Court of Claims. The issue before the Court was the same. There is no reason to impute to that decision a determination of issues not before the Court or raised by the pleadings or facts within its knowledge in making its decision.

Our attention is further directed to the case of *Mitchell* v. *United States*, 60 Ct. Cls. 451, decided January 26, 1925, and to the findings of fact and decision therein. It appears that the findings of fact in that appeal were drawn to a large extent parallel to the findings of fact in the *Woodward* case. There is no finding that the taxpayer kept his accounts and made his return upon a cash receipts and disbursements basis. Such being the state of the record before the Court of Claims, the *Mitchell* case is a direct parallel and decision therein must necessarily follow the decision in the *Woodward* case. It may well be that in the *Mitchell* case the books were kept and the returns made upon a cash receipts and disbursements basis as claimed by the taxpayer in this appeal. If such was the fact, it does not appear in the findings of fact in the *Mitchell* case. We find, there-

fore, nothing in either the *Woodward* or *Mitchell* cases conclusive of the issue presented here.

In this appeal the taxpayer followed one of the two alternative bases provided by statute for keeping accounts and making returns of income. He claimed a deduction which can only be justified under the other alternative basis. In our opinion, to allow such a deduction would result in a distortion of the result of the income of the taxpayer for the year in question and would lead to the inevitable conclusion that Congress, instead of providing for two alternative bases for reporting income, each complete in itself, provided for alternative bases with respect to the reporting of *items* of income and the taking of *items* of deductions. Such a holding would be inconsistent with the specific language of Congress in sections 200 and 212 and wholly at variance with the obvious intent of Congress that income should be reported in such a manner upon an annual accounting basis as to reflect the truth. *Appeal of Consolidated Asphalt Co.*, 1 B. T. A. 79. In that decision we said:

> It would be an obvious distortion to return only the gross income actually received and deduct therefrom both the amounts paid out and the payments anticipated.

Such being our opinion, the determination of the Commissioner in the instant appeal must be affirmed.