## APPEAL OF ATLANTIC COAST LINE RAILROAD CO.

Docket No. 2505.   Submitted May 18, 1925.   Decided October 16, 1925.

> The taxpayer keeping its accounts on an accrual basis, paid in 1918 a tax which accrued and became due and payable in the year 1917. *Held,* that the tax was not deductible for the year 1918.

*Carl H. Davis* and *M. C. Elliott, Esqs.,* for the taxpayer.
*P. S. Crewe, Esq.,* for the Commissioner.

Before JAMES, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1918 in the amount of $74,121.83.

### FINDINGS OF FACT.

The taxpayer is a Virginia corporation with its principal office at Wilmington, N. C.

During the year 1918, the property of the taxpayer was operated by the United States under the Director General of Railroads. In and for that year the Director General paid to the Treasury of the United States an amount known as the 2 per cent tax under the Federal Control Act in the amount of $74,947.01.

On or about April 1, 1918, the taxpayer paid $540,734.89 taxes on its property in Florida. This payment was made to the comptroller of the State of Florida. The taxes related to the year 1917, and these taxes the Director General on behalf of the United States declined to assume and pay out of the operating revenues, thereby requiring the taxpayer itself to assume the obligation.

Under the statutes of Florida, fully set forth in the opinion below, the taxpayer had for many years paid its property taxes in April of each year succeeding the year for which such taxes were due. This was done consistently and as a matter of convenience, since all the taxes could under the statutes be paid to the comptroller of the State in one sum, whereas, if paid to the several localities, the procedure of tax payment was more difficult and expensive than if the taxes were allowed to go unpaid until they were payable under the statutes to the comptroller.

The taxpayer keeps its accounts, and during the taxable year in question kept its accounts, on the accrual basis. The taxes in the State of Florida were due and payable on November 1 each year, and the taxes here in question were due and payable on November 1, 1917.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 15 days' notice, under Rule 50.

### OPINION.

JAMES: Two grounds of appeal are stated by the taxpayer: First, that it should not be assessed and taxed upon a certain sum paid by the Director General of Railroads on account of the 2 per cent Federal income tax; second, that there should be allowed as a deduction Florida taxes which became due and payable November 1, 1917,

and which were paid by the taxpayer out of corporate funds on or about April 1, 1918.

The first issue has been determined by the Board in the *Appeal of New York, Ontario & Western Ry. Co.*, 1 B. T. A. 1172. That decision is fully controlling in this case and decisive of this issue.

The second point presents a new and distinct issue to the Board. The taxpayer, keeping its books and reporting its income on an accrual basis, for reasons of convenience in its business, adopted a consistent policy with respect to Florida taxes whereby it accrued such taxes upon its books and paid them upon the penalty date— that is, the date when the amount of such taxes was reported by local authority to the comptroller of the State of Florida and after that date was payable to him. This procedure was followed under the provisions of sections 741, 752, and 753 of the General Statutes of Florida, the sections reading in full as follows:

SEC. (741.) *When taxes due; discount is paid before certain time.*—All taxes shall be due and payable on the first day of November of each and every year or as soon thereafter as the assessment roll may come into the hands of the tax collector, of which he shall give notice by publication, and the tax collector is hereby vested with the power and it shall be his duty to collect by levy and sale of the goods and chattels, lands and tenements assessed, all taxes that remain unpaid on the first Monday in April. If any taxpayer shall pay his taxes between the first day of November and the first day of December he shall be allowed by the tax collector a discount of two per cent therefrom; and if he shall pay on the first day of December, or between that day and the first day of January, he shall be allowed a discount therefrom of one per cent thereof. Any tax paid on or upon the first day of January shall, for the purpose of the additions aforesaid, be regarded as paid on the last day of the month in which it is paid.

SEC. (752.) *Certifying unpaid taxes on railroads to Comptroller.*—If any taxes on any railroad or any part thereof in this State shall not be paid on or before the first Monday in April of any year, the tax collector of any county wherein such taxes may be due shall send a certificate of the amount thereof to the Comptroller, including in said certificate the amount of State and county taxes, and special school district taxes and other special taxes.

SEC. (753.) *Collection of taxes from defaulting railroads.*—The Comptroller shall have the power upon the receipt of the certificate or certificates from the tax collectors as aforesaid to issue a warrant directed to the sheriff of any county where such defaulting railroad or any part thereof may be located, commanding him to collect by levy and sale, in the same manner as is now provided by law for the sale of property under execution from the clerk of the circuit court, of the shops, fixtures, rolling stock or any part thereof as may be located in this State, the full amount of taxes due thereon, or of the entire road or such part thereof, including the costs and expenses of sale, and the proceeds of such sale, after deducting the fees and costs as provided by law, shall be forwarded by such sheriff to the Comptroller, who shall pay the State taxes into the State Treasury, and the county taxes and district school taxes and other special taxes to the county depository of each county in which such taxes were assessed, according to the assessment. and the surplus after such payments are made, if any, shall be paid over to the authorities of such defaulting railroad.

It is entirely clear that, under the provisions of the above statute, the taxes here in question became due and payable and accrued during the taxable year 1917. *Appeal of Russell Milling Co.*, 1 B. T. A. 194; *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135.

The next inquiry, then, is, if a taxpayer keeps books of account upon one of the bases recognized in section 200 of the Revenue Act of 1918 as proper for the purpose of reporting income but consistently follows the practice of treating some item or items upon a different basis, whether that departure may be recognized for the purpose of computing its net income for the purpose of taxation, or whether the principle of accounting regularly adopted by the taxpayer is controlling throughout and must be consistently followed throughout? We have already held that general departures from either system of accounting prescribed by the statute may not be recognized where such departures do not clearly reflect the income of the taxpayer, *Appeal of B. B. Todd, Inc.*, 1 B. T. A. 762; and that in general "paid or accrued," where used in the statute, is to be construed in the alternative and does not permit the combining of both bases in one income-tax return. *Appeal of Henry Reubel*, 1 B. T. A. 676. See *Appeal of The Bank of Hartsville*, 1 B. T. A. 920.

We believe the decision in the *Reubel* case is controlling. In the instant case the taxpayer kept its accounts and made its returns generally upon the accrual basis. We have found that the taxes, the deduction of which are here in issue, did not accrue during the taxable year 1918 but did accrue and became payable in the taxable year 1917. The deduction here claimed was, therefore, a proper and allowable deduction from the return of income for the year 1917 but was not a proper and allowable deduction from the return of income of the taxpayer for the year 1918.

But it is said that this results in a distortion of the taxpayer's income and in the disallowance of a deduction to which it is properly entitled.

The taxpayer chooses to keep its accounts upon a basis which excludes from the deductions for the year 1918 the item here in question. Moreover, its net income for that year was computed upon the basis of net income after payment of taxes to Florida by the Director General of Railroads and he did accrue and pay the taxes to that State for the year 1918 in connection with the operation of the railroad under his control. The taxpayer, therefore, is in no different position here than it would have been had it retained control of its railroad property, accrued and deducted taxes to the State of Florida for the year 1918 in the same manner as did the Director General of Railroads and then claimed an additional de-

duction on account of taxes for the year 1917 in the same year's income-tax return upon the sole ground that it had changed its accounting methods and not having properly deducted the taxes for the year 1917, was entitled to that deduction also in and for the year 1918. Manifestly, such a contention upon the part of the taxpayer could not be allowed. If it were, the statute would then be construed to read that taxes and other charges both paid and accrued during the taxable year, even though involving duplications, must be allowed as deductions. We have already held otherwise, *Appeal of Henry Reubel, supra.* Upon this point the determination of the Commissioner must be approved.

TRUSSELL dissenting.

PHILLIPS concurring in decision only.

ARUNDELL not participating.