ARMSTRONG CORK COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARMSTRONG CORK & INSULATION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARMSTRONG CORK PRODUCTS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

R. W. McCREADY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARMSTRONG CORK COMPANY OF SPAIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARMSTRONG DEVELOPMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23617, 36395-36399.   Promulgated September 2, 1931.

*Frank S. Bright, Esq.*, and *George P. P. Bonnell, Esq.*, for the petitioners.

*T. G. Histon, Esq.*, for the respondent.

#### OPINION.

BLACK: The only issue for us to decide in this proceeding is whether the amount of income taxes paid to the French Government by the Armstrong Cork Company of France in the calendar year 1922 may be taken as a deduction from gross income in a consolidated return filed for 1923, the year in which the parent company claims it was first definitely notified that the payments had been made.

Petitioners urge, as reasons why they should be permitted to take this deduction from consolidated income in 1923, substantially the following state of facts: That in 1922 the Armstrong Cork Company of France was organized to take over the various purchasing agencies previously operated by Bucknall, Scholtz & Company, a partnership; that a French accountant was employed to supervise the bookkeeping of the Armstrong Cork Company of France and that he was to prepare a statement each month showing the financial operations of the French company and mail a copy thereof to the parent corporation at its principal office in Pittsburgh, Pa.; that this was not done and the parent corporation, which was furnishing the funds, had no statement of the details of the operation of the French company for 1922; that in 1923 the parent company employed the Paris offices of the firm of Price-Waterhouse & Company, certified public accountants, to make an audit of the Armstrong Cork Company of France, and this firm, after making an inspection, reported that no audit was possible until the records were sorted out and a system of bookkeeping installed; that the firm was thereupon employed to do this work and that it was not until September, 1923, that it received information and proper papers showing payment by the Armstrong Cork Company of France of the amount of taxes paid to the French Government and it was then that it, the parent corporation, gave its subsidiary credit on its books for the payment of these taxes, and that the transaction, because of the facts stated, was not handled on its books until 1923, and hence the deduction from gross income in 1923 is proper.

The pertinent provisions of the Revenue Act of 1921 read as follows:

SEC. 324. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions;

\* \* \* \* \* \* \*

(3) Taxes paid or accrued within the taxable year except \* \* \* (d) so much of the income, war-profits and excess-profits taxes imposed by the authority of any foreign country \* \* \* as is allowed as a credit under section 238. \* \* \*

Section 200 of the Revenue Act of 1921 reads in part as follows:

That when used in this title—

\* \* \* \* \* \* \*

(4) The term "paid," for the purpose of the deduction and credits under this title, means "paid or accrued" or "paid or incurred," and the terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212.

The Armstrong Cork Company and its subsidiaries kept their books and filed their returns for the years 1918 to 1923, inclusive, on an accrual basis of accounting, and the Commissioner accepted the

accrual basis as properly reflecting the taxpayer's net income for those years. This being true, petitioners would not be entitled to deduct, from 1923 gross income, taxes which were paid in 1922 to the French Government and which accrued for the years 1918, 1919, and 1920. It seems to us that the Supreme Court of the United States, in *Aluminum Castings Co.* v. *Routzahn*, 282 U. S. 92, and *United States* v. *Anderson*, 269 U. S. 422, has settled the question contrary to the contention made by the petitioners. Counsel for petitioners in their brief cite in support of their contention article 111 of the Treasury Department's regulations, relating to when charges are deductible, which reads in part as follows:

It is recognized, however, that particularly in a business of any magnitude there are certain overlapping items both of income and deduction, and so long as these overlapping items do not materially distort the income they may be included in the year in which the taxpayer, pursuant to a consistent policy, takes them into his accounts.

It seems clear to us that the above quoted regulation has no application to such a situation as we now have before us. Under authority of *Aluminum Castings Co.* v. *Routzahn*, *supra*, and *United States* v. *Anderson*, *supra*, we hold that respondent committed no error in refusing to allow petitioners to deduct, from consolidated gross income in 1923, taxes paid to the French Government in 1922 for the years 1918, 1919, and 1920. Accordingly, decision will be entered for respondent and the deficiency will be assessed against and collected from the parent corporation, Armstrong Cork Company, in accordance with the written agreement on file. Decision will be entered in Dockets 36395, 36396, 36397, 36398, and 36399, respectively, that there are no deficiencies.