NEW CASTLE LEATHER COMPANY, INC., PETITIONER, *v.* COMMIS-SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53437.   Promulgated June 7, 1932.

*Joseph J. Klein, Esq., Myron A. Finke, Esq.,* and *George W. Newgass, Esq.,* for the petitioner.

*John D. Kiley, Esq.,* for the respondent.

OPINION.

TRAMMELL: The petitioner and its subsidiary were affiliated during the year 1927, in which year each sustained a net loss, and they were also affiliated during the taxable year 1928, in which year the petitioner had net income and the subsidiary again sustained a net loss. In determining the deficiency the respondent allowed as a deduction, in computing the consolidated net income for the taxable year, the amount of the net loss sustained by the petitioner in 1927, and disallowed the net loss sustained in that year by the subsidiary. The correctness of the respondent's action in this regard is the basis of the sole issue of law raised by the pleadings herein.

The question presented is governed by the following provisions of the Revenue Act of 1928, viz:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(*i*) *Net losses.*—The special deduction for net losses of prior years, to the extent provided in section 117.

\* \* \* \* \* \* \*

SEC. 117. NET LOSSES.

(*a*) *Definition of "Net loss."*—As used in this section the term "net loss" means the excess of the deductions allowed by this title over the gross income, with the following exceptions and limitations:

\* \* \* \* \* \* \*

(6) NET LOSS NOT TO PRODUCE NET LOSS.—In computing the net loss for any taxable year a net loss for a prior year shall not be allowed as a deduction.

(*b*) *Net loss as a deduction.*—If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for

the next succeeding taxable year (hereinafter in this section called "third year"); * * *

  *  *  *  *  *  *  *

(e) *Net loss for 1926 or 1927*).—If for the taxable year 1926 or 1927 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1926, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for one taxable year is, under this Act, allowed as a deduction for the two succeeding taxable years.

Our decision of the issue here must be controlled, we think, by the principles stated in the opinion of the Supreme Court of the United States in *Woolford Realty Co.* v. *Rose*, 286 U. S. 319, and in *Planter's Cotton Oil Co.* v. *Hopkins*, 286 U. S. 332.

In the *Woolford Realty Co.* case, the court said:

Under that section of the statute [Sec. 206 (b) of the Revenue Act of 1926], the losses suffered by the Piedmont Company in 1925 might have been deducted from its net income in 1926, and might thereafter if not extinguished, have been deducted to the extent of the excess from its net income in 1927, the year in which its shares were acquired by the petitioner. But the Piedmont Company did not have any net income in 1927. Its operations for that year resulted in a loss. There was therefore nothing from which earlier losses could be deducted, for the net income without any such deductions was still a minus quantity. The tax for the year was nothing, and the losses of other years could not serve to make it less. The petitioner would have us hold that the minus quantities for all the years should be added together, and the total turned over by the company suffering the loss as an allowance to be made to the company realizing the gain. * * * the statute has given notice to the taxpayer that the aggregate of minus quantities is not to be turned over as a credit to an affiliated company, but is to be used in another way. If the loss for the first year is more than the income for the second, the excess is to be carried over to a third year, and deducted from the net income, if any, returnable for that year, at which time the process of carrying over is to end. * * * Obviously, the direction to apply the excess against the income of a later year is inconsistent with a purpose to allow it to an affiliated company as an immediate deduction from income of the current year. Adherence to the one practice excludes adherence to the other.

The petitioner in this case contends that because the first net loss of the subsidiary was sustained during the period of affiliation, the aggregate of its net losses for both years should be allowed as a deduction from the petitioner's income in computing the consolidated net income for the second or taxable year. However, if the net loss of a subsidiary corporation is allowable as a deduction only from the income of the subsidiary for the subsequent years and may not be added to a net loss of the same corporation for the second year and allowed as a deduction from the income of another affiliated corporation, then, under the decisions of the Supreme Court above cited, and under the provisions of the Revenue Act of 1928, above quoted,

it is unimportant whether the first net loss of the subsidiary was suffered prior to the beginning of or during the period of affiliation, and the petitioner's contention can not be sustained.

*Judgment will be entered for the respondent.*