SAILORS BROTHERS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53552.   Promulgated July 25, 1932.

*A. E. James, Esq.,* for the petitioner.
*John D. Kiley, Esq.,* for the respondent.

OPINION.

SEAWELL: In the petition, three errors were assigned, therein designated as 4 (a), 4 (b) and 4 (c). The first two of them relate to the manner of apportioning the tax liability among the members of the affiliated group, but at the hearing counsel for the petitioner made the following statements:

In some minor particulars, the Commissioner has denied some allegations as set forth in the petition. The petition also, in its original form, (and it has not been amended) sets out two alleged errors, numbered 4 (a) and 4 (b), which the petitioner is not pressing at this time. The evidence which I shall offer, which is entirely documentary, may seem to your Honor to have an indirect bearing upon those issues. It is not introduced for that purpose. The sole issue now being pressed by the petitioner in this proceeding is that set forth in paragraph 4 (c) of the petition, and relates to the question of the deduction of net losses. The reason I am introducing this matter is that it is somewhat interwoven with the peculiar situation which arose in the handling of this case.

However, in any event the meager evidence submitted would not, in our opinion, justify a reversal of the Commissioner's action in proposing to have the entire deficiency assessed against the petitioner. Certainly, it has not been shown that there was no agreement among the parties which would support the Commissioner's action. "The proof of the existence or nonexistence of an agreement between corporations as to the allocation of tax among them is, beyond doubt, a part of the taxpayer's burden." *Morganite Brush Co.*, 24 B. T. A. 776.

The error on which the petitioner relies relates to the deductibility of net losses sustained by various members of the affiliated group in 1925 and 1926 in determining consolidated net income for 1927. In considering this question we consider it pertinent to observe at the outset that, in our opinion, in view of recent decisions by the Federal courts, it is no longer open to question that each member of an affiliated group is a taxpayer and must be viewed in its individual capacity for the purpose of carrying forward net losses from one year to another, except to the extent that a part of its net loss may have already been availed of in determining consolidated net income for a given year. In other words, affiliation merely makes of a group of corporations a tax-computing unit, and each of them retains its identity as a taxpayer. *Woolford Realty Co.* v. *Rose*, 286 U. S. 319, and *Planters Cotton Oil Co.* v. *Hopkins*, 286 U. S. 332; *Swift & Co.* v. *United States*, 38 Fed. (2d) 365; *Sweets Co. of America* v. *Commissioner*, 40 Fed. (2d) 436; and *Commisisoner* v. *Ben Ginsburg Co.*, 54 Fed. (2d) 238. We are of the opinion that it also follows from the same authorities that a net loss sustained by a member of

an affiliated group, whether before or after becoming a member of such group, is individual to the member sustaining such net loss and may not be availed of in a subsequent year for a greater amount than the income realized in such year.

With the above principles in mind, we will dispose of the questions presented by the above assignment of error. In the first place, we can see no merit to the contention that net losses sustained by the Ideal Furniture Company in 1925 and 1926, and the petitioner in 1926, may be carried forward and allowed as a deduction in computing consolidated net income for 1927. Both corporations already had losses in 1927 before the application of a net loss for the prior years and therefore no occasion exists to apply the net losses of the prior years. Of course, another member of the group had net income for 1927, but, as we suggested at the outset, one corporation may not carry forward its net losses other than for the purpose of reducing its own income. *New Castle Leather Co.*, 26 B. T. A. 282.

This leaves for consideration the fourth member of the affiliated group, R. Levy and Sons, Inc., which had net income in its individual capacity for 1926 and 1927, but a net loss for 1925. A part of the net loss for 1925, apparently agreed between the parties as representing a pro rata part of the net loss for the entire year, $7,539.85, was sustained by such corporation for the period January 1, 1925, to October 20, 1925, that is, during the period prior to the time when it became a member of the affiliated group, and the balance, $1,852.80, was sustained during the remainder of the year, when it was a member of such group. In determining consolidated net income of the group for 1925, the net loss of $1,852.80 was used as a deduction, the combined result being a consolidated net loss for 1925 in the amount of $5,162.95. Since a part of this corporation's net loss was used in eliminating or wiping out income of other members of the group, only a proportionate part of its net loss is available to be carried forward and allowed as a deduction in computing net income for the succeeding year or years. We think the Commissioner properly determined such proportionate part in the amount of $1,205.25. *Swift & Co.* v. *United States, supra.*

We then have the situation where R. Levy and Sons, Inc., in its individual capacity had a net loss for the period January 1, 1925, to October 20, 1925, in the amount of $7,539.85, an unabsorbed net loss for the period October 21, 1925, to December 31, 1925, of $1,205.25, and net income for the years 1926 and 1927 in the respective amounts of $11,806.28 and $58,980.92, and our question is whether the net losses of such corporation for 1925 may be carried forward

and allowed as a deduction in computing consolidated net income for 1927. Since the net income of R. Levy and Sons, Inc., for the calendar year 1926 exceeds even the losses of the two periods in 1925 combined, it becomes immaterial whether we view the two periods as two taxable years or as one taxable year; in any event there would be no unabsorbed portion of a net loss from 1925 which could be carried forward and allowed as a deduction in computing net income for 1927, the year with which we are concerned. It is true that the corporations as a group had a consolidated net loss for 1926 without the necessity for applying net losses of prior years and therefore it might be said that no benefit was derived prior to 1927 from the 1925 net losses of R. Levy and Sons, Inc., but we do not understand such considerations to be determinative of the issues involved. As heretofore stated, each member of an affiliated group is a taxpayer and their affiliation merely makes of them a tax-computing unit. *Woolford Realty Co.* v. *Rose, supra.* One of the steps in the determination of the consolidated net income of an affiliated group for any year is the determination of the net income of each member of the group; that is, aside from proper elimination for intercompany transactions, we would determine the net income of each member of the group as if standing alone, including the items of income applicable to each corporation and allowing the deductions provided by statute, and the combined income and losses (if such there be) would constitute the consolidated net income or consolidated net loss, as the case might be. When computed in the foregoing manner, we find that one of the deductions to which R. Levy and Sons, Inc., is entitled for 1926 is the net loss sustained by it in 1925. Since the net income of this corporation for 1926 exceeded the net loss for 1925, it follows that the entire net loss for 1925 would be absorbed in computing its net income for 1926, and therefore no net loss from 1925 would remain which might be used as a deduction in computing net income for 1927. *Delaware & Hudson Co. et al.,* 26 B. T. A. 520.

In an amended answer the Commissioner was permitted to set up an affirmative allegation and claim an increased deficiency on account thereof, based on the averment that he erroneously allowed a deduction in 1927 of $1,205.25, the proportionate part of the consolidated net loss for 1925 which was applicable to R. Levy and Sons, Inc. In view of what we have said above, it follows that the position of the Commissioner is well taken, and that such increased deficiency as may result from the elimination of the deduction in question should be granted.

*Judgment will be entered under Rule 50.*