MARLIN-ROCKWELL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THE M. R. C. BEARINGS SERVICE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

STANDARD STEEL AND BEARINGS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47038–47040.   Promulgated August 19, 1932.

*H. A. Mihills*, C. P. A., for the petitioners.

*Chester A. Gwinn, Esq.*, and *Charles E. Lowery, Esq.*, for the respondent.

### OPINION.

ARUNDELL: These proceedings, duly consolidated for hearing and report, were brought for the redetermination of deficiencies in income tax for the year 1925 as follows: Marlin-Rockwell Corporation, $21,044.90; M. R. C. Bearings Service Company, $1,329.84; and Standard Steel and Bearings, Inc., $18,259.47.

The petitioners contest only so much of the deficiency in each case as results from the respondent's disallowance as a net loss item of a loss sustained in 1923 by the Marlin-Rockwell Corporation on the sale of a subsidiary's stock. Income for 1925 is affected by reason of the 1923 net loss being carried forward.

The respondent now concedes that the Marlin-Rockwell Corporation sustained a deductible loss of $241,280.10 in 1923 on the sale of the entire capital stock of its subsidiary, the Rockbestos Products Corporation, and that such loss was sustained in a business regularly carried on by the taxpayer. The parties have further agreed that losses sustained by the subsidiary during 1921 and 1922, when its stock was owned by the Marlin-Rockwell Corporation, were not used to offset or reduce income of any other member of the consolidated group, thus removing this phase of the case from the operation of the rule in *Riggs National Bank*, 17 B. T. A. 615; affd., 57 Fed. (2d) 980, under which losses of this kind must be reduced by operating losses sustained during the period of affiliation.

Petitioners herein, and the other companies hereinafter listed, were affiliated in the years 1923 and 1925, constituting a so-called

Class A affiliation, of which the Marlin-Rockwell Corporation was the parent. Consolidated returns were filed for 1923 and 1925.

In computing consolidated net income for 1925 the respondent allowed as a deduction a 1923 consolidated net loss of $1,272,487.74. By amended answers duly filed, the respondent now alleges that he erred in allowing that deduction, and that there should be allowed as deductions only the respective net losses of the companies for 1923 not in excess of respective net incomes for 1925. By reason of this alleged error the respondent claims increased deficiencies.

The parties have stipulated that the taxable net income of the affiliated group for the year 1924 was entirely absorbed by the consolidated net loss sustained by the same group for the year 1922. The income and losses of the group for the years 1923 and 1925, as computed by the respondent, were as follows:

| Name | 1923 | 1925 |
|---|---|---|
| Marlin-Rockwell Corporation | [1] —$9,775.82 | $866,293.02 |
| Standard Steel & Bearings, Inc | —930,866.54 | 754,684.40 |
| Standard Sales & Service Company | —50,848.94 | 55,081.94 |
| Marlin Steel Company | —1,600.00 | |
| Standard Real Estate & Improvement Company | —41,745.49 | |
| Marlin Wire Wheel Corporation | —119,422.39 | |
| Braeburn Steel Company | —146,179.34 | |
| Jacks Island Ferry Company | —469.55 | |
| Rockbestos Products Corporation | | |
| Eliminations | 28,420.33 | 52,423.58 |
| Consolidated income or loss | —1,272,487.74 | 1,623,635.78 |

[1] Loss indicated by minus sign.

It is obvious from this computation that, under the decided cases, the respondent erred in allowing the 1923 net loss of $1,272,487.74 as a deduction in computing consolidated net income for 1925. *Woolford Realty Co.* v. *Rose*, 286 U. S. 319; *New Castle Leather Co.*, 26 B. T. A. 282; *Delaware & Hudson Co.*, 26 B. T. A. 520; *Sailors Brothers Co.*, 26 B. T. A. 700; *Pilgrim Laundry Co.*, 26 B. T. A. 788. In *Sailors Brothers Co., supra*, we said:

We are of the opinion that * * * a net loss sustained by a member of an affiliated group, whether before or after becoming a member of such group, is individual to the member sustaining such net loss and may not be availed of in a subsequent year for a greater amount than the income realized in such year.

In accordance with the above decisions, we hold that respondent erred as alleged and that he is entitled to the increased deficiencies that may result from the correction of the error. In the recomputations that will be necessary, effect will be given to the respondent's confession of error in disallowing the loss sustained on the sale of stock in 1923.

*Decision will be entered in each proceeding under Rule 50.*