CALIFORNIA WHARF AND WAREHOUSE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

INTERIOR WAREHOUSE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CROWN MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

NORTHERN WHARF AND WAREHOUSE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41770, 41820–41822, 51797–51800.

Promulgated June 22, 1933.

*Henry D. Costigan, Esq.*, for the petitioners.
*Eugene Harpole, Esq.*, for the respondent.

510

OPINION.

MARQUETTE: The affiliated group of which the petitioners were members sustained consolidated net losses in 1922 and 1923 and again in 1925 and 1926. The group had a consolidated net income in 1924 and also in 1927. The fact of affiliation, and the propriety of filing consolidated returns, is admitted. The only question before us is what portion of the net losses sustained in 1922 and 1923 and in 1925 and 1926 may be deducted in computing taxable net income for 1924 and 1927, respectively.

It is the petitioner's contention that the consolidated net losses of 1922 and 1923 and of 1925 and 1926 are deductible in computing taxable net income for 1924 and 1927, respectively. This contention is disposed of adversely to the petitioners, upon authority of *Woolford Realty Co.* v. *Rose*, 286 U.S. 319; *Planters Cotton Oil Co.* v. *Hopkins*, 286 U.S. 332; *Swift & Co.* v. *United States*, 38 Fed. (2d) 365; *Delaware & Hudson Co.*, 26 B.T.A. 520; and *New Castle Leather Co.*, 26 B.T.A. 282.

Computing the amounts thereof in accordance with the principles laid down in *Swift & Co.* v. *United States, supra,* and *Delaware & Hudson Co., supra,* the following are the unabsorbed net losses for the years 1922 to 1927, inclusive, of those members of the affiliated group which sustained net losses in those years:

| Company | 1922 | 1923 | 1924 | 1925 | 1926 | 1927 |
|---|---|---|---|---|---|---|
| Balfour, Guthrie Investment Co | $13,671.11 | $3,027.60 | None | $40,041.01 | $69,518.73 | None |
| Balfour, Guthrie Trust Co | 3,718.66 | 206.11 | None | 44,645.40 | None | None |
| Strathmore Land Co | 8,184.44 | 4,335.44 | None | None | 7,065.30 | None |
| Fife Shipping Co | 111,396.09 | Out | Out | Out | Out | Out |
| California Wharf & Warehouse Co | None | 4,867.64 | None | None | None | None |
| Crown Mills | None | None | None | 131,332.92 | None | None |

It will be noted from the above statement and the statements of net income and net losses set forth in the findings of fact that, of the four companies which had unabsorbed net losses for 1922, three sustained net losses in 1924, while the fourth, the Fife Shipping Co., passed out of the affiliated group at the close of 1922. Under the cited cases, therefore, the respondent correctly disallowed the deduction of the unabsorbed net losses of 1922 in computing taxable net income for 1924.

It will also be noted that three of the four companies which had unabsorbed net losses for 1923 also sustained net losses in 1924, while the fourth, the California Wharf & Warehouse Co., had a net income in 1924. The respondent, therefore, erred in allowing the deduction of the 1923 unabsorbed losses of the first three mentioned companies in computing taxable net income for 1924, and his prayer for increased deficiencies for that year, based upon the ground that he so erred, is allowed. The total amount deductible in 1924 on account of 1923 losses is $4,867.64.

Of the three companies which had unabsorbed net losses for 1925, two, the Balfour, Guthrie Trust Co. and the Balfour, Guthrie Investment Co., also sustained net losses in 1927. Therefore, the 1925 unabsorbed net losses of those two companies are not properly deductible in computing 1927 taxable net income. The third company, Crown Mills, had an unabsorbed 1925 net loss which is $95,538.08 in excess of its net income for 1926, and, since its net income for 1927 is greater than that amount, such excess is a proper deduction in computing taxable net income for 1927.

Both of the companies which had unabsorbed net losses for 1926 sustained net losses in 1927. Consequently, the 1926 unabsorbed losses of those companies are not proper deductions in computing taxable net income for 1927.

*Judgment will be entered under Rule 50.*