CARTER, RICE & COMPANY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53733. Promulgated July 18, 1933.

*Allison L. H. Newton, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

OPINION.

GOODRICH: Respondent determined a deficiency in income tax for 1928 of $232.70. Petitioner contends that it is not liable for the deficiency, but moreover, has already overpaid its income tax liability for 1928, and that the amount in controversy is $2,620.65. Petitioner

alleges that respondent's determination is in error in the following particulars: (1) Failing to allow as a deduction from the consolidated net income for 1928 of an affiliated group of corporations the whole of the statutory net loss for 1927 of the Nashua Youngblood Co., which became affiliated with the group in 1928; (2) failing to allow as a deduction from income for 1928, the sum of $5,965.22 as accrued excise taxes owing to the Commonwealth of Massachusetts, in addition to such taxes already allowed as a deduction in respondent's computation of income as disclosed by his deficiency notice; (3) failing to allow as a deduction from income for 1928, the sum of $902.23 paid in that year to the Dominion of Canada as additional income taxes due that Government for prior years.

The facts were stipulated by counsel, and it is unnecessary for the purposes of this report to recite them in full. Respondent concedes error with respect to issue number 2; consequently, upon settlement there should be deducted from petitioner's income as disclosed by the deficiency notice, $5,965.22, as excise taxes accrued in 1928.

The facts material to the first issue are that the Nashua Youngblood Co. sustained a statutory net loss in 1927 in the amount of $19,118.02. Early in 1928 it became a member of an affiliated group which included petitioner, and in that year its income was $1,799.35. Respondent has permitted the application of the 1927 net loss against, and in the amount of, the 1928 income, but has refused to apply the balance of the net loss against the consolidated income of the group for 1928. In this we sustain him, for this issue has heretofore been decided adversely to petitioner's contention. *Woolford Realty Co.* v. *Rose*, 286 U.S. 319; *Delaware & Hudson Co.*, 26 B.T.A. 520; affd., 65 Fed. (2d) 292; *Sailors Brothers Co.*, 26 B.T.A. 700; *Marlin-Rockwell Corp.*, 26 B.T.A. 884; *California Wharf & Warehouse Co.*, 28 B.T.A. 509.

Respecting the third issue, the stipulation discloses that in 1928 the Nashua Package Sealing Co., one of the members of the group, for the first time received notice of a demand by the Dominion of Canada for additional income taxes for the years 1925 to 1927, inclusive, totaling $902.23, which it paid in 1928. This amount it claims, and respondent has disallowed, as a credit against its taxes due this Government for the year in which paid. It is conceded that the limitations on such credits provided in section 131 (b), Revenue Act of 1928, would allow the deduction of that amount, but respondent contends that the taxes accrued during the prior years and, despite the payment in 1928, are properly deductible from income, or to be credited against the domestic tax, only in the years when accrued, since the company's accounts were kept on an accrual

basis. The law of the Dominion under which these particular liabilities arose was not introduced into this record. We assume, therefore, that the matter of the accrual of Canadian tax liabilities is controlled by statutes similar to our own, and that the events fixing the liability occurred in the respective years to which these additional assessments relate, were determined in amount by reference to the corporate earnings in each of those years, and therefore, represented proper accruals for each of those years. *Columbian Carbon Co.*, 25 B.T.A. 456; *United States* v. *Anderson*, 269 U.S. 422.

Both section 23(c) of the 1928 Act, providing for the deduction from income of foreign taxes, and section 131(a), allowing as a credit against the tax imposed thereunder, the amount of the liability for foreign taxes, use the term " paid or accrued." We have previously held in cases wherein deductions were claimed that the construction of that term depends upon the basis on which the taxpayer keeps his accounts. If on a cash basis, amounts paid in the taxable year may be deducted; if on an accrual basis, liabilities accruing within the year may be deducted. However, the right to the deduction is in the alternative; both bases may not be used in the same return. *Henry Reubel, Executor*, 1 B.T.A. 676. This construction of the term is applicable where, as here, the allowance of the foreign tax is sought as a credit, as well as in those cases where the foreign tax is sought as a deduction since, as already pointed out, the identical term is used in both statutory provisions. Here, the taxpayer kept its accounts on an accrual basis. Nothing has been suggested concerning the Canadian law or the nature of these tax claims indicating that the liability therefor was not fixed within or at the close of each of the taxable periods for which the demands were asserted, nor any other reason indicating that these taxes were not proper accruals for each of those years, beyond the fact that the taxpayer was not advised of the Dominion's claim against it until 1928. That fact is not controlling, and we sustain respondent as to this issue. A.R.R. 1153, I–2 C.B. 92; O.D. 388, 2 C.B. 116; *American Cigar Co.*, 21 B.T.A. 464; *Armstrong Cork Co.*, 24 B.T.A. 1.

This same conclusion was reached in the case of *Ruud Mfg. Co.*, 15 B.T.A. 819, under facts very similar to those in the case at bar. That decision was reversed on this point (45 Fed. (2d) 63), but arose under the Revenue Act of 1921, which provided (sec. 238 (a)) that the tax of the domestic taxpayer should be credited with the foreign tax *paid* within the taxable year. Under the Act of 1928, which is here controlling, the credit is the amount of foreign tax paid or accrued. The extended qualification in the later act thus provides the credit in the alternative in accordance with our construction of the term " paid or accrued ", whether the foreign tax

be applied as a deduction from income or as a credit against the domestic tax. Consequently, it seems clear that the reasoning of the learned judge upon which was bottomed the earlier decision is not controlling of the case at bar.

*Judgment will be entered under Rule 50.*