UDYLITE PROCESS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59133. Promulgated November 2, 1933.

*Abraham Levin, Esq.,* for the petitioner.
*Owen W. Swecker, Esq.,* for the respondent.

OPINION.

ADAMS: The issue presented is whether one corporation of an affiliated group, which sustains successive net losses in 1927 and 1928, may carry forward and deduct its unabsorbed 1927 net loss from consolidated net income for 1928.

The stipulated facts show that petitioner was incorporated under the laws of Indiana on November 11, 1919, and was affiliated during the period July 26 to December 31, 1927, and the entire year 1928 with the General Chromium Corporation. Consolidated returns were filed for the period in 1927, and for the year 1928.

The following schedule shows the corrected net losses and income of petitioner and the General Chromium Corporation for the period July 26 to December 31, 1927, and the calendar year 1928:

|  | July 26 to Dec. 31, 1927 | Year 1928 |
|---|---|---|
| Udylite Process Co | (Net income) $11,890.75 | (Net income) $100,454.88 |
| General Chromium Corporation | (Net loss) −86,760.79 | (Net loss) −83,512.85 |
| Consolidated basis | (Net loss) −74,870.04 | (Net income) 16,942.03 |

The General Chromium Corporation also sustained a net loss for the period January 1 to July 25, 1927, in the amount of $77,474.59. During this period the petitioner was not affiliated with the General Chromium Corporation and no claim is made for the allowance as a deduction in 1928 of the net loss sustained during the period January 1 to July 25, 1927.

The respondent determined that the consolidated net income of the two corporations for 1928 was $16,942.03, computed as follows:

| | |
|---|---:|
| Net income, petitioner | $100,454.88 |
| 1928 net loss, General Chromium Corporation | 83,512.85 |
| Consolidated net income | 16,942.03 |

The respondent asserted a deficiency for the year 1928 in the amount of $1,673.04.

The petitioner contends that, since section 26 of the Revenue Act of 1928 provides that a domestic corporation is entitled to a credit of $3,000, whereas section 142, which concerns consolidated corporations, provides for only one specific credit for the consolidated group, the Congress intended to treat the group as a unit in arriving at consolidated net income. It argues, therefore, that it is entitled to deduct the unabsorbed net loss of the General Chromium Corporation for the period July 26 to December 31, 1927, amounting to $74,870.04, from the consolidated net income as determined by the respondent for 1928, which would result in a consolidated net loss for 1928 with no tax due.

This principle of cumulating net losses for successive taxable years for the purpose of reducing consolidated net income of an affiliated group has been considered by the Board and the courts in numerous cases. *California Wharf & Warehouse Co.*, 28 B.T.A. 509; *New Castle Leather Co.*, 26 B.T.A. 282; affd., 65 Fed. (2d) 294; *Delaware & Hudson Co.*, 26 B.T.A. 520; affd., 65 Fed. (2d) 292; *Sailors Brothers Co.*, 26 B.T.A. 700; *Woolford Realty Co. v. Rose*, 286 U.S. 319; *Planters Cotton Oil Co. v. Hopkins*, 286 U.S. 332; *Swift & Co. v. United States*, 38 Fed. (2d) 365; *Commissioner v. Ginsburg Co.*, 54 Fed. (2d) 238. None of these cases permits the pyramiding of net losses; therefore, unless petitioner can show some distinguishing factor, which removes this proceeding from the rule enunciated in the cited cases, we must approve the determination of the respondent.

Petitioner attempts to distinguish this case from the decided cases by pointing out that a continuing affiliated group is a single economic unit and that losses are as much a characteristic of affiliation as profits. It is asserted that it is shocking to think that Congress wished

to recognize the unit for one purpose and failed to recognize it for another, and points out that, since only one specific credit is allowed to affiliated groups by sections 26 and 142(b) of the Revenue Act of 1928, there must be an intention to treat income and loss side by side, so that the loss of one member of the group is the loss of the other. It is further pointed out that the *Woolford* case, *supra*, is not an authority for the instant proceeding, since no evasion of taxes is here being attempted, and, therefore, the reason for the rule in the *Woolford* case does not apply.

This contention, in our opinion, completely ignores the above cited cases, which have repeatedly stated that each member of an affiliated group is a taxpayer and must be viewed in its individual capacity for the purpose of carrying forward net losses from one year to another. In *Sailors Brothers Co.*, *supra*, we expressly stated that, " one corporation may not carry forward its net losses other than for the purpose of reducing its own income; *New Castle Leather Co.*, 26 B.T.A. 282." In view of the rule announced by the cited cases, petitioner's contention must be denied.

In this connection we wish to point out the fallacy of petitioner's position regarding the credit deduction allowed to corporations generally and affiliated corporations specifically. The grant of a credit or an exemption by the Congress is a matter of grace; it is not an inherent right of the taxpayer, but a benefit conferred by the sovereign which can be increased, lowered, or wiped out at the will of the Congress. Cf. *Samuel S. Bloch*, 16 B.T.A. 425, 430. For example, the Revenue Acts of 1926 and 1928 granted a personal exemption to the head of a family of $3,500, and a personal exemption to single persons of $1,500; the Revenue Act of 1932 reduced the personal exemption in both instances to $2,500 and $1,000, respectively, being the same exemptions allowed under the Revenue Acts of 1924 and 1921, provided net income, under the 1921 Act, did not exceed $5,000, in which event the personal exemption of the head of a family was reduced to $2,000, provided no increase in tax resulted. The Revenue Act of 1918 granted exemptions of $2,000 and $1,000, respectively, while the Revenue Act of 1916 allowed an exemption of $3,000 from the net income of each person, plus $1,000 if such person was the head of a family, etc., but in no event was the additional $1,000 exemption to be deducted by both husband and wife.

Undoubtedly the Congress, in the exercise of its legislative functions, could have completely eliminated the credit deduction allowed to corporations. However, it has determined, and so provided in the

Revenue Act of 1928, that but one specific credit shall be allowed to an affiliated group, *Trustees for Ohio & Big Sandy Coal Co.* v. *Commissioner*, 43 Fed. (2d) 782, and this determination is mandatory so far as the interpretation of the revenue acts is concerned. Any change in the credit allowed the affiliated group must come through legislative action because there is no ambiguity in the credit allowance provided for by sections 26 and 142 of the Revenue Act of 1928.

*Decision will be entered for the respondent.*