WILLIAM Q. WOLFSON AND ELIZABETH WOLFSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolfson v. Commissioner
Docket No. 7711-74.
United States Tax Court
T.C. Memo 1982-711; 1982 Tax Ct. Memo LEXIS 35; 45 T.C.M. (CCH) 297; T.C.M. (RIA) 82711; December 7, 1982. *35 W incurred legal expenses related to a law suit in the total amount of $38,974.40. Of this amount, he paid $2,263.30 in 1968. Held: For the taxable year 1968, W is not entitled to a deduction for the legal expenses in excess of the amount paid during that year, i.e., $2,263.30. Alan Adelson, for the petitioners. Robert E. Langley and William F. Hammack, for the respondent. IRWIN
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: This case is now before the Court on remand from the United States Court of Appeals for the Sixth Circuit. The case was originally before this Court as a result of petitioners' filing of a petition for redetermination of deficiencies determined by respondent in their income taxes for the years 1968, 1969, and 1970. See Wolfson v. Commissioner,T.C. Memo. 1978-445. In our Memorandum Findings of Fact and Opinion (T.C. Memo. 1978-445), filed November 7, 1978, we, inter alia, sustained the Commissioner's assertion that, based on all the facts, the payment William Q. Wolfson (Wolfson) received in 1968 as a result of the settlement of a State court action against Wayne State University (Wayne) represented compensation *37 for loss to Wolfson's professional reputation and, as such, was taxable as ordinary income. Wolfson appealed our decision to the United States Court of Appeals for the Sixth Circuit. The Court of Appeals, although it affirmed our judgment, remanded the case to us for "a determination of the amount Wolfson is entitled to deduct from income for expenses incurred in prosecuting his action in state court and in negotiating his settlement with Wayne * * *." Wolfson v. Commissioner,651 F.2d 1228, 1230 (6th Cir. 1981). Pursuant to the remand, a further hearing in this case was held on February 10, 1982, at which an additional stipulation of facts was introduced to supplement the record of this case. No appearance was made for Wolfson at the hearing. Subsequently, Petitioners' Request for Evidentary [sic] Hearing" was received by this Court. In an order issued April 27, 1982, we denied petitioners' request and ordered that the parties submit briefs by May 26, 1982. We indicated that the briefs were to discuss only "the total amount of the legal expenses deductible and the year or years in which deductible in the suit of petitioners against [Wayne], which amounts *38 are set forth in total and in a breakdown by years paid in the stipulation filed on February 10, 1982, by the parties with the Tax Court." The Findings of Fact which we made in our original opinion in this case are incorporated herein by reference. Based on the evidence now before us, we find the following supplementary facts. SUPPLEMENTAL FINDINGS OF FACT Wolfson incurred $38,974.40 in legal expenses related to his suit against Wayne, which he paid as follows: Date Paid
Amount
Prior to 1962
$ 7,500.00
February 17, 1964
1,000.00
August 31, 1964
1,029.35
March 29, 1965
2,385.00
May 13, 1965
1,767.58
May 19, 1965
3,014.85
August 23, 1965
2,291.60
September 17, 1965
4,599.65
October 8, 1965
5,760.00
October 27, 1965
1,487.81
December 19, 1967
5,875.26
November 29, 1968
2,263.30
Total
$38,974.40
OPINION The issue for decision is in what amount Wolfson is entitled to deduct expenses incurred in pursuing his claim against, and negotiating a settlement with, his former employer, Wayne. We note, at the outset, that Wolfson has the burden of proving the elements necessary to establish the amount of the deductions for legal fees to which *39 he is entitled. Rule 142(a), Tax Court Rules of Practice and Procedure.
Implicit in the briefs filed by both Wolfson and respondent is their understanding that this Court only has jurisdiction in this case to redetermine the deficiencies determined by respondent for the years 1968, 1969, and 1970. See section 6214(b). [1] Wolfson contends that, for the taxable year 1968, he is entitled to a deduction in the amount of his total legal expenses related to his suit against Wayne, that is, $38,974.40. Respondent, on the other hand, claims that, for the year 1968, the amount Wolfson is entitled to deduct for legal expenses is limited by section 212 to $2,263.30, the amount paid during 1968. We agree with respondent. The deductibility of the legal expenses in question is determined under either section 212, as presumed by respondent, or section 162. The phrase on which respondent rests his case appears in both sections, the requirement being that those expenses for which a deduction is allowed be paid or incurred during *40 the taxable year.[2]
Wolfson has failed to prove that he was on other than a cash method of accounting for 1968. See fn. 2, supra. Consequently, for the taxable year 1968, Wolfson is not entitled to a deduction for legal expenses relating to his suit against Wayne in excess of $2,263.30, i.e., the amount paid during that year. Estate of Etoll v. Commissioner,79 T.C. 676 (1982). Wolfon, citing Georator Corp. v. United States,485 F.2d 283 (4th Cir. 1973); Darlington-Hartsville Coca-Cola Bot. Co. v. United States,393 F.2d 494 (4th Cir. 1968); *41 Garrett v. Crenshaw,196 F.2d 185 (4th Cir. 1952); and Bowers v. Lumpkin,140 F.2d 927 (4th Cir. 1944), states that expenditures that secure benefits beyond the year or that are incurred to defend title to property are capital expenditures. Although Wolfson does not clearly articulate his theory, his position appears to be that since the benefit derived from the legal expenses in issue were not realized or "exhausted" until 1968, he should be permitted to offset all such expenses against the settlement proceeds includable in income in 1968. Wolfson's argument is without merit. It is true that the costs of acquiring assets having useful lives substantially greater than one year are capital expenditures. Sections 1.263(a)-2(a) and 1.461-1(a)(1), Income Tax Regs. Nonetheless, it does not follow that an expenditure must be classified as a capital expenditure because the ultimate benefit may accrue after the year of payment. Snow v. Commissioner,31 T.C. 585, 593 (1958). In fact, it has long been settled that expenses must be deducted in prior years when paid or incurred, as opposed to being deducted in subsequent years through incidental *42 to income received in subsequent years. A. Finkenberg's Sons, Inc. v. Commissioner,17 T.C. 973, 982-983 (1951); Hayes v. Commissioner,7 B.T.A. 936 (1927). [3]
Wolfson makes no attempt to explain why the expenditures in question should be classified as capital expenditures. We have carefully examined the cases cited by Wolfson, but we do not think they are of any help to him in this case. In accordance with the foregoing and under the mandate of the Court of Appeals, we hold that, for the taxable year 1968, Wolfson is entitled to a deduction in the amount of $2,263.30 for legal expenses related to his suit against Wayne. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. The disjunctive "or" in both sections between paid and incurred does not permit a taxpayer to choose to deduct some expenses when paid and other expenses when incurred. Rather, the disjunctive "or" is to be construed in the alternative, according to the taxpayer's cash or accrual method of accounting. Section 7701(a) (25); Altantic Coast Line R.R. Co. v. Commissioner,2 B.T.A. 892, 895 (1925); Reubel v. Commissioner,1 B.T.A. 676, 678 (1925). The record before us is silent as to whether Wolfson is a cash basis or an accrual basis taxpayer.↩
3. See also section 1.212-1(b), Income Tax Regs., which provides that, for purposes of section 212, the term "income" embraces not only income of the taxable year, but also income that may be realized in a subsequent taxable year. Tyler v. Commissioner,6 T.C. 135, 137↩ (1946).