ALUMINUM CASTINGS COMPANY *v.* ROUTZAHN, INDIVIDUALLY AND AS COLLECTOR OF IN-TERNAL REVENUE.

No. 7.  Argued February 25, 1930.  Reargued October 28, 29, 1930.— Decided November 24, 1930.

*Mr. John T. Scott* for petitioner.

*Mr. Claude R. Branch,* Special Assistant to the Attorney General, with whom *Assistant Attorney General Youngquist, Messrs. Sewall Key, J. Louis Monarch,* and *S. Dee Hanson,* Special Assistants to the Attorney General, and *Mr. Erwin N. Griswold,* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioner, a manufacturer of metal castings, brought suit in the District Court for Northern Ohio to recover income and excess profits taxes assessed and paid for the calendar year 1917. Right to recover was asserted on the sole ground that a munitions tax levied under Title III of the Revenue Act of 1916, c. 463, 39 Stat. 756, 780, which became due and was paid by petitioner in 1917, was

correctly deducted from gross income in petitioner's tax return for that year. The Commissioner, rejecting this contention, deducted the tax from gross income for 1916, the year when it accrued, see *United States* v. *Anderson,* 269 U. S. 422, and collected a correspondingly increased income and profits tax for 1917, which is involved in the present suit.

The District Court, finding that petitioner kept its books and filed its tax returns for 1916 and 1917 on the " accrual basis," gave judgment for the Collector, 24 F. (2d) 230, which the Court of Appeals for the Sixth Circuit affirmed, 31 F. (2d) 669. Both courts held, on the authority of *United States* v. *Anderson, supra,* that as the books were kept and returns made on the accrual basis, the munitions tax which accrued in 1916 could not be deducted in the return for 1917.

Petitioner's returns for 1916 and 1917 were made after the effective date of §§ 12 (a), 13 (b) and 13 (d) of the Revenue Act of 1916 (c. 463, 39 Stat. 767, 771). The Act imposes a tax on net income and profits ascertained, as provided by § 12 (a), by deducting from gross income expenses, interest and taxes paid, and losses sustained, during the calendar year. Section 13 (d) provides that "A corporation . . . keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, may, subject to regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned."

Petitioner, in response to an inquiry on the form for the 1916 return, stated that it was " made on the basis of actual receipts and disbursements," a statement which it repeated in the 1917 return with the qualification that " Bills and accounts payable and receivable are treated

as receipts and disbursements." In both returns, bills and accounts, payable and receivable, in fact were treated as actual receipts and disbursements; and both were based on inventories taken at the beginning and end of the taxable year. The munitions tax deducted in the 1917 return first appeared on the taxpayer's books in that year.

Petitioner contends that its returns were made as "cash receipts and disbursements" returns under § 12 (a) and not under § 13 (d), and that since by § 12 (a) taxes are required to be deducted only in the year when paid, its munitions tax was rightly deducted in the 1917 return. In support of this contention, it is pointed out that § 12 (a) of the 1916 Act does not differ materially from corresponding provisions of the Revenue Acts of 1909 and 1913 (Corporation Excise Tax Act of Aug. 5, 1909, c. 6, §.38, 36 Stat. 11, 112; Corporation Income Tax Act of Oct. 3, 1913, c. 16, § II, subdiv. G, 38 Stat. 114, 172), and as petitioner's returns for 1916 and 1917 would have been authorized under these earlier acts, and Treasury Regulations supplementing them, it is argued that petitioner's right to deduct taxes when paid was not altered by the addition to the revenue laws, in the 1916 Act, of § 13 (d), which merely gave to the taxpayer an option, not availed of by petitioner, to make a return on the accrual basis.

This argument is, in substance, that considered and rejected by the Court in *United States* v. *Anderson, supra,* p. 439. There, as here, the taxpayer's return for 1917 computed income on the basis of inventories and accrued items, payable and receivable, appearing on the taxpayer's books of account for that year, but deducted from gross income the munitions tax, paid in 1917, which had accrued the year before. The return, as made, would have been permissible under the Revenue Acts preceding that of 1916; but it was held that under that Act the tax was required to be deducted in the year when it accrued.

Section 12 (a) of the 1916 Act, like its prototypes in the earlier legislation, deals only with the deduction from gross income of amounts paid out or losses sustained. None of them, in terms, permitted the deduction of accounts payable or made any provision for the use of inventories in computing net income. Experience demonstrating that income derived from merchandising and manufacturing businesses could not be computed on the basis of receipts and disbursements alone, treasury regulations were promulgated requiring the use of inventories in proper cases, and permitting the deduction of accounts payable when accounts receivable were brought into the income account. Treasury Regulations 31, Dec. 3, 1909, under the Act of Aug. 5, 1909; 33, Jan. 5, 1914, under the Act of Oct. 3, 1913.

But this action of the Department, born of necessity in order to arrive at the income of certain businesses, was neither a classification nor an irrevocable designation of items receivable and payable as cash receipts and disbursements. Although the regulations supplemented the provisions of the statute by providing for a different method of computing income, they did not alter the meaning of its words, or preclude acceptance of them at their face value when reenacted in a new legislative setting. Classification took place when § 13 (d) was substituted for existing treasury regulations,[1] and broadly authorized returns under it by taxpayers " keeping accounts upon any basis other than that of actual receipts and disbursements," a phrase which, in the light of the legislative history, plainly indicates that the returns contemplated by § 13 (d) were

[1] Pending the adoption of regulations applicable to the Act of 1916, Treasury Decision 2367, Sept. 14, 1916, continued existing regulations in force only so far as not inconsistent with the provisions of the 1916 Act. New regulations applicable to §§ 12 (a) and 13 (d), adopted in Treasury Decision 2433, Jan. 8, 1917, before petitioner filed its 1916 and 1917 returns, are considered infra, p. 98.

to be dealt with as a separate class, distinct from these based on actual receipts and disbursements alone described by § 12 (a).[2]

By these sections the filing of a return under § 13 (d), where the taxpayer is able to comply with its requirements, is optional if he is also able to prepare a return on the basis of actual receipts and disbursements which reflects true income. But "notwithstanding the option given taxpayers, it is the purpose of the Act to require returns that clearly reflect taxable income." *United States* v. *Mitchell*, 271 U. S. 9, 12. By § 13 (b) of the 1916 Act, which was new, the return in every case is required to state such data as are "appropriate and in the opinion of the commissioner necessary to determine the correctness of the net income returned and to carry out the provisions of this title." It follows that the return must be filed on the accrual basis under § 13 (d), where true income cannot be arrived at on the basis of actual receipts and disbursements. See *United States* v. *Anderson, supra,* pp. 437, 440. Any other construction of §§ 12 (a) and 13 (d) would disregard the requirement of § 13 (b) and the dominating purpose of the Act, by enabling the taxpayer to file a return which did not reflect true income. See *United States* v. *Mitchell, supra,* pp. 12, 13. It was in recognition of this, and in compliance with § 13 (b), that Treasury Decision 2433, Jan. 8, 1917, provided with respect to returns made under §§ 12 (a) and 13 (d):

[2] The Report of the Committee on Ways and Means (House Report No. 922, 64th Cong., 1st Sess., p. 4) states with reference to the income tax provisions of the Revenue Act of 1916:

"As two systems of bookkeeping are in use in the United States, one based on the cash or receipt basis and the other on the accrual basis, it was deemed advisable to provide in the proposed measure that an individual or corporation may make return of income on either the cash or accrued basis, if the basis selected clearly reflects the income."

" This ruling contemplates that the income and authorized deductions shall be computed and accounted for on the same basis and that the same practice shall be consistently followed year after year."

This ruling antedated petitioner's 1916 and 1917 returns, and obviously gross income and deductions in its returns were not "accounted for on the same basis." Its income for 1917 could not be ascertained by deducting from gross income, including receivables, some items of cost and expense, attributable to the production of 1917 income, which accrued but were not paid in that year, and the munitions tax, which was paid in 1917, but which accrued and was attributable to the production of income in 1916.

Petitioner, relying on the declarations in its returns that they were made on the basis of actual receipts and disbursements, contends that for that reason they must be deemed made under § 12 (a) and not under § 13 (d). But whether a return is made on the accrual basis, or on that of actual receipts and disbursements, is not determined by the label which the taxpayer chooses to place upon it. The use of inventories, and the inclusion in the returns of accrual items of receipts and disbursements appearing on petitioner's books, indicate the general and controlling character of the account, *Niles Bement Pond Co.* v. *United States,* 281 U. S. 357, 360; *United States* v. *Anderson, supra,* pp. 442, 443, and support the finding of the trial court that books and returns were on the accrual basis. The record does not disclose that petitioner offered to make a return for 1917 on the basis of actual receipts and disbursements, or that it could have done so. It was, therefore, competent for the Commissioner to correct the return for 1917, to conform it to the system of accounting in fact adopted, by excluding from it the munitions tax which had accrued in 1916, whether appearing on the books for that year or not. *United States* v. *American*

*Can Co.*, 280 U. S. 412; *United States* v. *Anderson, supra; Niles Bement Pond Co.* v. *United States, supra.*

*Affirmed.*

Separate opinion of MR. JUSTICE MCREYNOLDS and MR. JUSTICE BUTLER.

In our view the decree below should be reversed. This Court has often affirmed: " In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen." *Gould* v. *Gould,* 245 U. S. 151, 153. *Crocker* v. *Malley,* 249 U. S. 223, 233; *United States* v. *Field,* 255 U. S. 257, 262; *Smietanka* v. *First Trust & Savings Bank,* 257 U. S. 602, 606; *Shwab* v. *Doyle,* 258 U. S. 529, 534; *United States* v. *Merriam,* 263 U. S. 179, 188; *Hecht* v. *Malley,* 265 U. S. 144, 156; *Reinecke* v. *Northern Trust Co.,* 278 U. S. 339, 348.

We think it impossible properly to say that the statute under consideration, by clear import, laid the questioned tax. The petitioner made its return after the mode long approved by the Treasury Department and distinctly disavowed any purpose to accept the option granted by section 13 (d). Under an interpretation, certainly not free from grave doubt, a taxpayer who honestly sought to do what capable counsel well might have advised, has been heavily burdened.

*United States* v. *Anderson,* 269 U. S. 422, differs materially from the present cause upon the facts and, we think, is not enough to support the conclusion of the court below.

MR. JUSTICE SUTHERLAND, concurring.

I did not agree with the decision in the *Anderson* case, but so long as the majority of the court adheres to it, I

am bound to follow it in similar cases; and in principle, I think, it controls here. It is true that there are differences in matters of fact between the present case and that case, but they seem to me not to be of a character to affect the pertinence of the *Anderson* decision and call for the application of a different rule. For that reason alone I concur in the opinion of the court just announced. Were it not for the *Anderson* case I should join in the dissent.

MR. JUSTICE ROBERTS concurs in this view.