## LANDERS BROS. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5985.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

Charles Hartmann and Clarence M. Mulholland, both of Toledo, Ohio (Mulholland & Hartmann, of Toledo, Ohio, and Kenneth N. Parkinson and David A. Pine, both of Washington, D. C., on the brief), for petitioner.

Helen R. Carloss, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, F. Edward Mitchell, C. M. Charest, and May Eastman, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

The petitioner is a jobber engaged in selling rubberized cotton fabrics. The Toledo Auto Fabrics Company manufactures such fabrics. Prior to 1921 the petitioner entered into a contract with the fabric company to supply it with fabrics for delivery on contracts which it had made with its customers. Owing to a falling market, the petitioner's customers demanded cancellations of their contracts. Deeming it advisable for business reasons to make cancellations in certain instances, the petitioner demanded a cancellation of its contract with the fabric company. That company sought releases from its commitments to the mills. Not being successful, it refused to cancel its contract with the petitioner, and thereupon the petitioner

agreed to discharge its obligation by paying the fabric company the difference between the then market price and the contract price. Pursuant to this agreement the fabric company, on December 31, 1921, charged the petitioner on its books with $127,978.25. This amount was to be paid in installments, and during 1922 the petitioner issued to the fabric company credit memoranda aggregating $95,983.68. In its income tax return for the year 1922 it claimed as a deductible loss the difference between this amount and the amounts collected in that year from its customers upon their contracts. The respondent disallowed the deduction and assessed a deficiency tax. The Board of Tax Appeals affirmed, and this petition followed.

The evidence does not show whether the petitioner kept its books and accounts on a cash or accrual basis. If they were kept on a cash basis, it obviously could not claim a deduction for the credit memoranda until payments thereof were made. Eckert v. Burnet, 283 U. S. 140, 51 S. Ct. 373, 75 L. Ed. 911. There is no showing that such payments were made in 1922. We assume, however, as did the Board of Tax Appeals, that the books were kept on an accrual basis. Upon that theory it is contended that the loss did not occur until the credit memoranda were issued and credited to the fabric company on the books of the petitioner in 1922. The Board of Tax Appeals rejected the contention and held that it occurred in 1921. Our review is limited to a consideration of the sufficiency of the evidence to support this view. Tracy v. Commissioner, 53 F.(2d) 575 (6 C. C. A.).

■ It cannot be denied that the loss was sustained as of the date the liability became fixed in a definite amount. United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120; Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262. It was similarly available as a deduction in that taxable year and not earlier or later. Commissioner v. Darnell, Inc., 60 F. (2d) 82 (6 C. C. A.). The two companies occupied the same premises and their books were kept by the same bookkeeper. R. S. Landers was president and majority stockholder of both companies. The proofs show that when the fabric company was refused releases from its commitments to the mills the officers of the two companies "agreed among themselves" that the fabric company should charge the petitioner with the difference between the contract price and the market price of the fabrics as of that date. This agreement was entered into, apparently, in the early part of 1921. In December of 1921 the bookkeeper, under the direction of Landers, charged the petitioner on the books of the fabric company with amounts representing these differences. Landers testified, it is true, that no agreement had been reached at that time, but the fabric company had refused to make cancellation, and Landers, knowing this and that the money would have to be paid, directed the charge to be made. The only other evidence to indicate that the loss was not then ascertained are the credits on the books of the petitioner, entered in February, 1922. The Commissioner was not bound, of course, to accept this evidence as conclusive. Doyle v. Mitchell Brothers Co., 247 U. S. 179, 187, 38 S. Ct. 467, 62 L. Ed. 1054; Aluminum Castings Co. v. Routzahn, 282 U. S. 92, 99, 51 S. Ct. 11, 75 L. Ed. 234. In our opinion it is not controlling as against the evidence of a common management, with the same president, who according to an agreement of settlement directed the charge to be made on the books of the fabric company in December of 1921. This latter evidence is sufficient to support the Board's finding.

The order of the Board is affirmed.