**LUCAS, Collector of Internal Revenue, v. PROVIDENCE COAL MIN. CO.**
No. 5914.

Circuit Court of Appeals, Sixth Circuit. June 29, 1932.

E. E. Angevine, of Washington, D. C., and Frank A. Ropke, Jr., of Louisville, Ky. (Thomas J. Sparks, of Louisville, Ky., C. M. Charest, of Washington, D. C., and R. P. Hertzog, of Washington, D. C., on the brief), for appellant.

E. J. Wells, of Louisville, Ky., for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

In the year 1920 the appellee, Providence Coal Mining Company, wrongfully mined certain coal underlying land belonging to one D. H. Cullen. This fact was not discovered until some time during 1921, and on December 22d of that year Cullen instituted an action against the appellee for damages caused by the removal. In due course this cause came to trial, and on April 28, 1922, a judgment for $9,000 was rendered covering not only the coal mined in 1920 (approximately 71 per cent. of the total), but also that mined in the previous year. An appeal was taken from this judgment to the Court of Appeals of Kentucky. While the case was pending on appeal, the parties, on March 16, 1923, entered into a written agreement of settlement for the sum of $4,500. In its original return for 1920, appellee did not claim deduction for the liability incurred by the wrongful removal of this coal, but on March 31, 1923, filed an amended return for 1920, in which it claimed the $4,500 paid by it on March 16, 1923, as additional cost of coal removed and sold during 1920. The right to make deduction as in its return for the year 1920 was denied. Claim for credit or refund was likewise denied, and the appellee thereupon, having already paid the tax, brought suit against the collector of internal revenue to recover, as illegally collected, such portion thereof as was attributable to the amount of the claimed deduction. The District Court held that the appellee was entitled to a deduction from its gross income for 1920 of 71 per cent. of the $4,500 paid in 1923, or $3,195, and rendered judgment for the tax resulting from the disallowance of this deduction, viz., $1,896.91, with interest.

Upon the principles this day announced in the decision of the case of Commissioner of Internal Revenue v. R. J. Darnell, Inc. (C. C. A.) 60 F.(2d) 82, and especially in view of the close analogy between the facts of this case and those of Lucas v. American Code Co., Inc., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538, we are constrained to the opinion that the court below erred in denying defendant's motion for judgment. Just as in the case of North American Oil Consolidated v. Burnet, Commissioner, 286 U. S. 417, 52 S. Ct. 613, 76 L. Ed. 1197 (May 23, 1932), it is held that a taxpayer need not report as income an amount which it might never receive, so in Lucas v. American Code Co., supra, it was distinctly held that a taxpayer may not make deduction for a given year of losses of which the amount was wholly unpredictable, where the amount to be recovered, if there was legal liability, depended in large part on the course of future events, and where the company had not accrued on its books, within the tax year, a liability in the estimated amount of the loss. In our opinion this decision controls the instant case, which differs from the case of Landers Bros. Co. v. Commissioner (C. C. A.) 60 F.(2d) 85, decided at the present session, in that there the loss was definitely fixed and liquidated by agreement of the officers of the taxpayer within the taxable year. Compare also, Ewing Thomas Converting Co. v. McCaughn, 43 F.(2d) 503 (C. C. A. 3).

The judgment of the District Court is reversed, and the cause is remanded for a new trial.