**BANCROFT et al. v. UNITED STATES.**

No. 45286.

Court of Claims.

April 5, 1943.

478

John J. Merrill, Jr., of New York City (George W. Martin and Emmet, Marvin & Martin, all of New York City, on the brief), for plaintiffs.

S. E. Blackham, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and MADDEN, WHITAKER, LITTLETON, and JONES, Judges.

WHALEY, Chief Justice.

The plaintiffs are the trustees of a personal holding company, the Financial Press Companies of America. By means of stock ownership the plaintiffs control various subsidiary companies which are engaged in the business of publishing and disseminating news. They publish four newspapers, a magazine, news bulletins in two cities, and own patents used on tickers manufactured and owned by the Dow Jones Company.

The plaintiffs started business in 1930 and at that time set up a system of bookkeeping which they have consistently followed ever since. Their income consisted of interest from loans, dividends on stock held in the subsidiary companies, and royalties from the patents on the ticker machines. Their expenses consisted of taxes, salaries, and general minor office expenses. The income from interest was accrued monthly throughout the year and was paid before the end of the calendar year. No accrual items of interest remained on the books at the end of the year. Dividends and patent royalties were variable and uncertain so these two income items were not accrued but were credited on the books as and when received. Items of salaries and office expenses were paid monthly. The largest item of expense was for taxes and was accrued monthly on the books. It is apparent that the only two items capable of accrual were accrued on the books regularly each year and that practice has been followed consistently since the corporation was organized in 1930. Plaintiffs distributed all of the earnings to their stockholders in each year, saving only enough to pay taxes which were for that year but not payable until the following year.

In 1938 plaintiffs filed a personal holding company return and also an income and excess profits tax return for the year 1937 and paid the tax thereon. The officer signing the return, in answering the question whether the companies were on a cash receipts and disbursements basis, answered in the affirmative. As a result of this statement the Commissioner of Internal Revenue in 1939 readjusted the tax liability and assessed a deficiency income tax of $384.19 and a deficiency tax, under Section 351 of the Revenue Act of 1936, 49 Stat. 1648, 1732, as amended by the Revenue Act of 1937, 50 Stat. 813, 26 U.S.C.A. Int.Rev.Acts, page 938, of $10,647.74. These deficiency assessments were based on the ground that taxes accrued had been taken as deductions whereas the taxpayer had filed its return on a cash basis and therefore accrued items of deductions were not allowable. After protest plaintiffs paid the additional assessment with interest and filed a refund claim. The total amount paid was $11,918.11.

By the Revenue Act of 1934, § 351, 48 Stat. 680, 26 U.S.C.A. Int.Rev. Acts, page 757, a surtax was first imposed on Personal Holding Companies and it was in the nature of a penalty tax. Its purpose was to prevent wealthy individuals from forming personal holding companies

and accumulating and not distributing net income (Report of Ways and Means Committee, House Report No. 1546, 75th Cong., 1st session).

Section 356 of the Revenue Act of 1936 as amended by the 1937 Revenue Act, supra, 50 Stat. page 816, 26 U.S.C.A. Int. Rev.Acts, page 942, which defines the adjusted net income, provides:

"(a) Additional deductions. There shall be allowed as deductions—

"(1) Federal income, war-profits, and excess-profits taxes paid or accrued during the taxable year to the extent not allowed as a deduction under section 23; * * *."

The question which arises is whether the plaintiffs kept their books on a cash or accrual basis.

All that was required of the plaintiffs was that their net income be computed in accordance with a method of accounting regularly employed in keeping their books and that such method clearly reflect their income. Section 41 of the Revenue Act of 1936, supra, 49 Stat. page 1666, 26 U.S.C.A. Int.Rev.Acts, page 838, requires: "The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *"

Deductions and credits are provided for in Section 43, Revenue Act of 1936, supra, 49 Stat. page 1666, 26 U.S.C.A. Int.Rev. Acts, page 839, as follows: "The deductions and credits * * * provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred,' dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. * * *"

■ The plain meaning of these sections is that the net income for tax purposes shall be computed in accordance with a system of accounting, which the taxpayer regularly maintains and carries out, and that it reflect clearly the net income which was intended to be reached by the tax.

■ Plaintiffs' books were kept under the same method of accounting since its organization and the items which were accruable were monthly accrued. This method gave a picture each month of the true financial situation of the company. The taxes were monthly accrued and although they were not payable until the following year nevertheless they were the taxes for the current year. Before the end of the calendar year these taxes were deducted from gross income and the balance was paid in dividends to the stockholders.

The main trouble in this case arose, and is now before us, because of the erroneous answer of the official in making the income tax return for 1937. However, this answer, taken at its face value, may have led the Internal Revenue Department to believe the accounting system was on a cash receipts and disbursements basis. Nevertheless the true test is what the books of the company show.

In Aluminum Castings Co. v. Routzahn, 282 U.S. 92, 51 S.Ct. 11, 14, 75 L.Ed. 234, the Supreme Court said:

" * * * But whether a return is made on the accrual basis, or on that of actual receipts and disbursements, is not determined by the label which the taxpayer chooses to place upon it."

It is worthy of observation that the plaintiffs, without any change in the method of keeping their books or filing their return for the year 1939, had the approval of the Commissioner when the answer on the return showed an accrual basis.

We are convinced that the plaintiffs have always maintained their accounting system on the accrual basis and the Commissioner was in error in making the deficiency assessment, and we are of the opinion that the plaintiffs are entitled to recover.

The defendant has made some adjustments in the amount due since the commencement of this action. After allowance of the adjustments there remains the sum of $11,557.

Plaintiffs are entitled to recover $11,557, with interest as provided by law.

It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.