## A. & A. TOOL & SUPPLY CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4002.

United States Court of Appeals. Tenth Circuit.

May 8, 1950.

John E. Marshall, Oklahoma City, Okl., for petitioners.

George D. Webster, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, A. F. Prescott, Special Assistants to Attorney General, on the brief), for respondent.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This petition asks for a review of a decision of the Tax Court of the United States. It involves a deficiency in the corporate income and declared value excess profits tax of the A. & A. Tool & Supply Company, a dissolved corporation, hereinafter referred to as the taxpayer, for the fiscal year ending June 30, 1942. In his determination, the Commissioner of Internal Revenue found the deficiencies to be: income tax $1,743.14, declared value excess profits tax $1,322.13, excess profits tax $2,176.98. The taxpayer petitioned the Tax Court for a redetermination of the deficiencies. Upon redetermination by that court, the deficiencies in income and declared value excess profits tax were fixed in the amounts of $738.70 and $454.23 respectively. It was found that there was no deficiency in excess profits tax for that year.

The taxpayer claims that the Tax Court erred in its consideration of these questions:

1. Should gross sales be reduced by a $1,500 credit allowance on return of sludge pump?

2. Did notes taken in part payment for a drilling rig and other items have a fair market value in excess of 90% of face?

3. Are petitioners entitled to a deduction from gross income of $3,000 for rent?

4. Are petitioners entitled to an increased allowance of $9,345.92 for purchases?

5. Are petitioners entitled to a deduction from gross income for commissions and expenses of J. Weldon Cornett?

At the outset it is contended that the Tax Court erred in assuming that the taxpayer was on a cash basis and not on an accrual basis. There are statements in the court's decision which indicate that it may have thought that the taxpayer should be considered on a cash basis because of failure to keep books and that it considered some of the above items as though the taxpayer was on a cash basis. The taxpayer, in filing his return and the Commissioner using available books and records in determining the deficiency,[1] considered opening and closing inventories and other accrued items. Ordinarily when there are inventories to consider, the accrual basis is the only method which will properly reflect the taxpayer's income.[2] The Tax Court should not have considered the taxpayer to have been on a cash basis.

We shall consider the questions presented by the taxpayer in the foregoing order, having in mind the rule that the determination of the Commissioner is presumed to be correct and that the burden of proof is upon the taxpayer to show that the Commissioner's determination is invalid,[3] and that the findings of the Tax Court are conclusive upon review if supported by substantial evidence and not clearly erroneous.[4]

1. During the taxable year the taxpayer sold to Oakwood Drilling Company a drilling rig, drill pipe and a 20 inch oil well sludge pump. This pump proved defective and the successors to the Oakwood company purchased under sales contract another type pump for $5,000 The old pump was returned and a credit of

1. If the method employed does not clearly reflect the income the Commissioner is free to use whatever method, in his opinion, clearly reflects the income. 26 U.S.C.A. § 41; In re Newman, 6 Cir., 94 F.2d 108, 111.

2. See Treas. Reg. 111, Sec. 29.41-2. Aluminum Castings Co. v. Routzahn, 282 U.S. 92, 99, 51 S.Ct. 11, 75 L.Ed. 234.

3. Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623; Oklahoma Ben. Life Ass'n v. Jones, D.C., 57 F. Supp. 423, 427, affirmed, 10 Cir., 151 F.2d 505; Federal National Bank of Shawnee v. Commissioner of Int. Rev., 10 Cir., 180 F.2d 494, 497.

4. Commissioner of Int. Rev. v. Scottish American Inv. Co. Ltd., 323 U.S. 119, 124, 65 S.Ct. 169, 89 L.Ed. 113; Elmhurst Cemetery Co. of Joliet v. Commissioner of Int. Rev., 300 U.S. 37, 40, 57 S.Ct. 324, 81 L.Ed. 491; Texas-Empire Pipe Line Co. v. Commissioner of Internal Revenue, 10 Cir., 141 F.2d 326, 327; Armstrong v. Commissioner of Int. Rev., 10 Cir., 143 F.2d 700, 701; F. A. Gillespie & Sons Co. v. Commissioner of Int Rev., 10 Cir., 154 F.2d 913, 917, certiorari denied 329 U.S. 781, 67 S. Ct. 204, 91 L.Ed. 670.

$1,500 was allowed. The Commissioner, in his determination, considered the sale of the second pump as a separate transaction and increased the company's gross sales by $5,000 and gave the old pump a basis of $1,500 for gain or loss on a subsequent sale. The record discloses that this old pump was subsequently sold for $185 but no date of sale was established. Section 111(b) of the Internal Revenue Code, 26 U.S.C.A. § 111(b), provides that the amount realized for the sale of property shall be the sum of money received plus the fair market value of any property received as part of the consideration. The Commissioner determined the value of the old pump to be $1,500 creating a basis for a subsequent sale. In fact the taxpayer treated it as a separate transaction with a value of $1,500. Fair market value being a question of fact, the Commissioner's determination must stand, there being no evidence to the contrary.

■■ 2. The taxpayer made a sale of the drilling rig, sludge pump and various tools to the Oakwood Drilling Company and received $5,786 in cash and the balance of $34,300 in notes. These notes were for $10,000 due August 25, 1941, $10,000 due October 6, 1941, $10,000 due November 20, 1941, and $4,300 due January 1, 1942, and were secured by a chattel mortgage covering the purchased property. The only evidence in the record concerning the value of these notes was a question asked Eula D. Schuster, President of the taxpayer corporation, which was: "Mrs. Schuster, what, in your opinion, was the fair market value of the notes that were given by the Oakwood Drilling Company to the A. & A. Tool & Supply Company?" The court sustained an objection to this question upon the grounds that it had not been shown that the witness was qualified to answer. An offer of proof was then made which stated that the witness would have testified that, in her opinion, the value of the notes was not greater than 90 cents on the dollar. Apparently the taxpayer was attempting to establish a fair market value of the notes at the time they were taken. Assuming that Mrs. Schuster should have been permitted to give her

opinion, her bare statement that the value was not greater than 90 cents on the dollar would not have been sufficient for the court to have made a finding that the market value of the notes did not exceed 90 cents on the dollar. Generally speaking, market value is the price a willing buyer would pay to a willing seller for property, neither acting under any compulsion. Chicago Ry. Equipment Co. v. Blair, 7 Cir., 20 F.2d 10, 13; Crowell v. Comm'r of Int. Rev., 6 Cir., 62 F.2d 51, 53. There is no evidence in the record nor was any offered which is ordinarily required to establish market value. The notes were secured and there is no evidence that the value of this security was less than the amount due on the notes. The parties agree that they were paid in full in 1943. The evidence was insufficient to overcome the presumption of correctness of the Commissioner's determination.

■■ 3. The Commissioner determined that $600 per year was a reasonable rental for the premises occupied by the taxpayer and allowed that amount as an expense deduction. The taxpayer claimed that a reasonable annual rental was $3,000. This was the issue before the Tax Court. Mrs. Schuster testified that she was the owner of the property. That it consisted of 19 lots 140 feet deep with a frontage of 655 feet upon which was a metal warehouse equipped with racks and hoists on the inside and a loading dock on the outside and a modern five room residence which was occupied by the taxpayer's manager; that she was acquainted with the property and had made an investigation of rentals in that neighborhood; that she was President of the corporation which occupied the premises and participated daily in the conduct of its business; that in her opinion $3,000 per annum was a fair rental value for the property. This was the only evidence before the Tax Court as to the reasonable rental value of the property. The Tax Court stated that Mrs. Schuster's testimony was not entitled to much weight. We agree that the evidence was far from satisfactory but she was the owner of the property and had sufficient knowledge of the same to testify as to its reasonable

rental value.[5] With this evidence in the record, we cannot conclude that there was no substantial evidence from which the tax court could make a finding of the reasonable rental value. The presumption that the Commissioner's determination is correct is one of law; it is not evidence and may not be given weight as such. N. Y. Life Ins. Co. v. Gamer, 303 U.S. 161, 171, 58 S.Ct. 500, 82 L.Ed. 726, 114 A.L.R. 1218. When evidence is introduced by the taxpayer sufficient for the Tax Court to base a finding contrary to the determination, the presumption disappears. Crude Oil Corp. of Am. v. Commissioner, 10 Cir., 161 F.2d 809; Mayson Manufacturing Co. v. Commissioner, 6 Cir., 178 F.2d 115, 121. The Tax Court and the Board of Tax Appeals, which it succeeded, was created to afford a taxpayer an independent forum where he could be heard speedily, equitably and impartially on a tax assessment which he thought had been improperly levied or assessed. Its function is to weigh evidence on matters properly before it and make findings of fact thereon, and when there is substantial evidence to support the findings or when they are not clearly erroneous they must be accepted. Helvering v. Kehoe, 309 U.S. 277, 60 S.Ct. 549, 84 L.Ed. 751. It may not arbitrarily discredit and disregard unimpeached, competent and relevant testimony of a taxpayer which is uncontradicted.[6] There was sufficient evidence as to this item to overcome the presumption of correctness of the Commissioner's determination and the Tax Court should not have disregarded it.

■ 4. In his determination of the deficiency, the Commissioner in computing gross profit from sales allowed an increase of $22,833.59 in the amount claimed for purchases in the taxpayer's return. The taxpayer claimed before the Tax Court that there should be an additional allowance of $9,345.92. In support of this claim, it introduced in evidence a number of invoices. The manager and storekeeper testified that these invoices were for material and labor in repairing equipment that had been brought to the taxpayer from the General Machine Works and were charged to the taxpayer. An experienced and independent auditor and tax consultant testified that he had examined the books and records of the taxpayer for the taxable year in question and had also examined the books and records of the General Machine Company. He stated that he had investigated the manner in which the Commissioner had arrived at the understatement of purchases shown in his notice; that the Commissioner had not considered the invoices as an expense or purchase in arriving at the understatement of purchases and that they should have been so considered. Upon motion, the court struck the foregoing testimony on the grounds that it was inconclusive and that he was giving his views as an accountant. It is apparent that the Commissioner used, with other evidence, similar invoices of the taxpayer in arriving at his determination. It is also apparent that the auditor used the same information and material that the Commissioner used in his investigation. There is no indication that the Commissioner did not have access to all available information and data during his investigation. It was necessary that both rely principally on invoices and check stubs, and we see no reason why the auditor could not testify to the results of his investigation covering the same data. This proof, if found to be true, would have been sufficient to show that the determination was excessive. In fairness

5. Wigmore on Evidence, Sec. 714, p. 45; 20 Am.Jur., Evidence, Sec. 892; Baltimore American Ins. Co. v. Pecos Mercantile Co., 10 Cir., 122 F.2d 143, 147; U. S. v. 3969.59 Acres of Land, D.C., 56 F.Supp. 831, 837; Bateman v. Donovan, 9 Cir., 131 F.2d 759, 764; Lyle v. Ginnold et ux, 174 Wash. 104, 24 P. 2d 449, 450; Application of Harper, 195 Okl. 386, 158 P.2d 472, 473.

6. Blackmer v. Comm. of Int. Rev., 2 Cir., 70 F.2d 255, 256, 92 A.L.R. 982; Boggs & Buhl Inc. v. Comm. of Int. Rev., 3 Cir., 34 F.2d 859, 860; Elkins v. Comm. of Int. Rev., 3 Cir., 91 F.2d 534, 537; Bardach v. Comm. of Int. Rev., 6 Cir., 90 F.2d 323, 326; Capitol-Barg Dry Cleaning Co. v. Comm. of Int. Rev., 6 Cir., 131 F.2d 712, 715; Wright-Bernet v. Comm. of Int. Rev., 6 Cir., 172 F.2d 343, 346; Farmer v. Comm. of Int. Rev., 10 Cir., 126 F.2d 542, 543; Planters' Operating Co. v. Comm. of Int. Rev., 8 Cir., 55 F.2d 583, 585.

to the taxpayer, the evidence of the auditor should have been admitted and the Tax Court erred in excluding it.

5. The undisputed evidence shows that J. Weldon Cornett was sales representative on a commission basis for the taxpayer during the taxable year in question, and made sales totaling $45,086. The Commissioner determined that there should be no deduction for any of the Cornett Commissions. The Tax Court disposed of the matter by stating that "in the absence of any evidence in the record on the amount of the commission earned by or paid to Cornett or anyone else, no amount will be allowed as a deduction under this issue." The deficiency determined by the Commissioner results principally from these very sales. It is well established that the taxpayer meets the burden of proving the Commissioner's determination invalid when it shows that the determination was excessive. Helvering v. Taylor, supra; Federal National Bank of Shawnee v. Commissioner, 10 Cir., supra. The taxpayer is not required to prove in addition that he owes no tax or is he required to prove the correct amount of the tax that he owes. He may not be held to pay a tax which confessedly he does not owe.[7] Here the Commissioner, in his determination, apparently disallowed the claim because payment had been claimed by someone else in a tax return, but no showing was before the Tax Court which would warrant a finding that it was not an obligation of the taxpayer. The Commissioner used the sale of the items in question to increase the income of the taxpayer. Certainly the taxpayer should be entitled to whatever costs, if any, it incurred in making the sales.

The case is reversed and remanded with instructions to adjudge the determination of the Commissioner invalid and for further proceedings not inconsistent with the views herein expressed.

HUXMAN, Circuit Judge, concurs in the result.

---

7. Federal National Bank of Shawnee v. Comm. of Int. Rev. supra, with cases cited.