**UNITED STATES of America, Plaintiff,**

v.

**Leo J. McKENNA, Defendant.**

**Crim. A. No. 7689.**

United States District Court, D. Minnesota, Third Division.

Dec. 20, 1954.

George E. MacKinnon, U. S. Atty., and Alex Dim, Asst. U. S. Atty. for Minnesota, St. Paul, Minn., for the United States.

A. E. Sheridan, Waukon, Iowa, and Samuel P. Halpern, Minneapolis, Minn., for defendant.

BELL, District Judge.

The above named defendant was tried before this Court and a jury on an indictment containing two counts charging him with wilfully attempting to defeat and evade his income taxes for the years 1947 and 1948 in violation of 26 U.S.C.A. § 145(b). A verdict of guilty was returned on Count I and a verdict of not guilty on Count II.

The case now is before the Court on motions of the defendant for an order for judgment of acquittal or for a new trial.

Defendant's motion for judgment of acquittal claims that the government has failed as a matter of law to prove the defendant guilty beyond a reasonable doubt of the charge in Count I for the reason that the evidence is not sufficient to sustain the verdict of guilty; that the verdict is inconsistent with and against the weight of the evidence; that there is no substantial evidence to sustain the government's burden of proof that defendant is guilty beyond a reasonable doubt; that the defendant has been reporting on a cash basis; that defendant's net income for 1947, if computed on a cash basis, would fail to prove an offense; that the government was bound to prove its case on a specific income basis; that the government failed to prove that the defendant wilfully failed to report his net income for the year 1947; and that the government failed to prove beyond a reasonable doubt that defendant wilfully attempted to evade and defeat his income tax for the year 1947.

Defendant further moves the court, in the alternative, in the event the motion for judgment of acquittal is denied, that a new trial be granted for the same grounds alleged above in his motion for judgment of acquittal and upon the further grounds, namely, in the interest of justice; that the verdict is against the clear weight of the evidence, and con-

trary to the evidence; that the verdict is a miscarriage of justice and the result of passion and prejudice on the part of the jury; that the evidence lacks persuasiveness; that there has been a variance between the indictment, bill of particulars and proof; for denial of a more specific bill of particulars; for errors occurring in the testimony of witness Wegner; for errors in the admission of oral testimony over objection on the part of defendant; that the Court erred in limiting cross-examination of government witness; in the Court's limiting of defendant's examination of his own witnesses; for errors occurring in the reception of oral testimony and exhibits pertaining to defendant's net income on an accrual basis, on a net worth basis, and on a bank deposit basis, either for corporation or otherwise; that the government did not prove its case in accordance with its theory; for errors of law occurring at the trial in the reception of exhibits and in the refusal to strike certain testimony and in the Court's refusal to withdraw certain exhibits; for errors of law in the Court's refusing to grant judgment of acquittal at the close of all the evidence; for errors of law in the Court's refusal to give certain instructions to the jury; for errors of law occurring in the formal verdict submitted to the jury; and for other events, happenings and occurrences at the trial which denied defendant a fair trial.

Obviously, to detail each and every point raised in the motions by defendant would necessitate the writing of a very lengthy memorandum.

On May 5, 1954, the Court ruled on defendant's motion for a bill of particulars and stated in its written order as follows:

"1) Counsel for the Government has stated in open court that the Government is relying in this case on the accrual method of accounting rather than on the cash method;

"2) The Government has disclosed in open court that its theory in this case is based on defendant's understatement of adjusted gross income resulting in understatement of taxable net income. The Government has advised the Court and counsel for the defendant that it intends to corroborate such theory by the bank deposit method and net worth method;

"3) The Government has filed a receipt given by the defendant which discloses that all papers, books and documents heretofore obtained by Agents of the Internal Revenue Service from defendant were returned to the defendant;

"4) Counsel for the Government advised the Court that for the year 1947 the recapitulation of 1947 sales tickets, the so-called "whiz tickets", have been delivered to counsel for defendant, as well as a summary of disbursements for that year. Counsel for the Government advises that it will deliver to counsel for defendant a recapitulation of the 1948 sales tickets, the so-called "whiz tickets" as well as a summary of disbursements for 1948;

"5) In all other respects defendant's motions are herewith denied."

Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in part that "The court for cause may direct the filing of a bill of particulars."

As stated in Mellor v. United States, 8 Cir., 1947, 160 F.2d 757, at page 759, "The motion was addressed to the sound discretion of the trial judge, whose decision was final in absence of clear abuse of such discretion." See also Remmer v. United States, 9 Cir., 1953, 205 F.2d 277, 281–282. The Court here is of the opinion that a bill of particulars which it permitted was adequate to protect the defendant against a second prosecution for the same offense and enable the defendant adequately to prepare his defense and avoid surprise at the trial. Defendant cannot seek a further bill of particulars because he would then be attempting to obtain the Government's evidence; to that he is not entitled.

Defendant has been in the automotive and farm equipment business at Caledonia, Minnesota for many years, including the post war years after World War II. The evidence clearly discloses that he did not keep adequate books and records which would reflect his true income for the years 1947 and 1948. Inventories were a major factor in the defendant's business operations. His income tax returns for each of the years 1947 and 1948 disclosed both an opening and closing inventory.

26 U.S.C.A. § 145(b) provides in part as follows:

"* * * any person who wilfully attempts in any manner to evade or defeat any tax * * * shall * * * be guilty of a felony * * *."

26 U.S.C.A. § 41 provides in part:

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

Regulation 111, Sec. 29.22(c)–1, provides as follows:

"Need of Inventories.—In order to reflect the net income correctly, inventories at the beginning and end of each taxable year are necessary in every case in which the production, purchase, or sale of merchandise is an income-producing factor."

Regulation 111, Sec. 29.41–1, provides as follows:

"* * * If the taxpayer does not regularly employ a method of accounting which clearly reflects his income, the computation shall be made in such manner as in the opin-ion of the Commissioner clearly reflects it."

Regulation 111, Sec. 29.41–2, provides as follows:

"* * * For instance, in any case in which it is necessary to use an inventory, no method of accounting in regard to purchases and sales will correctly reflect income except an accrual method."

The government, in accordance with its bill of particulars proceeded in its proof by showing that defendant, first on an accrual basis of accounting and then by corroboration on a net worth basis of accounting substantially understated his net income for the calendar year 1947; that a tax was due from defendant to the government for said year; that defendant attempted to evade payment of that tax; and that his attempt so to evade payment was wilful.

█ The mere fact that defendant believed himself to be on a cash basis, but in truth and in fact, he was reporting on a "hybrid" method, would, in the Court's opinion, be all the more reason, under the facts in this case, for the Government to proceed to prove its case on an accrual method of accounting. See 26 U.S.C.A. § 41, supra, and Reg. 111, Sec. 29.41–1 and 29.41–2, supra.

To limit the government to the cash method of accounting when defendant's books and records are inadequate would be just another way of permitting the defendant to evade his income taxes. The government in this case contemplated and for that reason attempted first to prove a specific income case on an accrual method of accounting. In the Court's opinion it did so prove. Government's Exhibit 189 shows that for the calendar year 1947 defendant reported net income of $8,585.36. On an accrual method of accounting he should have reported $44,653.27. Defendant understated his net income for the year 1947 on an accrual method in the sum of $36,067.91.

Under defendant's Exhibit Z–179, giving credit for duplications and other

credits in the amount of $24,813.20, that would still reduce the net income on an accrual basis to $19,840.07. The understatement of net income would still be $11,254.71. This, in the Court's opinion, is a substantial understatement of net income on which a substantial tax was due and owing for the calendar year 1947.

Government's Exhibit 194, the Net Worth Chart, discloses that for the calendar year 1947, defendant had a net income of $31,934.78. For the year 1947, defendant reported only $8,585.36 net income. On a net worth basis defendant, therefore, failed to report as net income $23,349.42. Again, it can be plainly seen that this is a substantial understatement of net income. It truly and clearly corroborates the government's method of proof under an accrual basis. It would tend to prove that the accrual method the government has adopted is the proper method in this case. A cash method suggested by defendant would be wholly unrealistic and would not reflect a true net income for the defendant for the calendar year 1947.

In Stern Bros. Company v. Commissioner of Internal Revenue, 16 T.C. 295, at page 322, the Court, citing A & A Tool and Supply Co. v. Commissioner, 10 Cir., 182 F.2d 300, stated:

"Ordinarily when there are inventories to consider, the accrual basis is the only method which will properly reflect the taxpayer's income."

In Leeby v. United States, 8 Cir., 1951, 192 F.2d 331, at pages 334 and 335, the Court stated:

" * * * On this phase of the case all that it was necessary to show was that there was omitted from the reported income a substantial amount. * * *

"The accuracy of the Government's computations of income based on the receipts and disbursements method is corroborated by the fact that the amount of income as determined by that method is substantially the same as determined by the government's net worth calcula-tion. But we are not here dealing with the weight or conclusiveness of the evidence but rather to its admissibility and we think it was competent to permit the government to submit its estimates of income based upon the two methods invoked as the basic facts of both calculations were all before the jury." Hanson v. U. S., 8 Cir., 186 F.2d 61.

A & A Tool & Supply Co. v. Commissioner of Internal Revenue, 10 Cir., 1950, 182 F.2d 300, 302.

"The taxpayer * * * using available books and records in determining the deficiency, considered opening and closing inventories and other accrued items. Ordinarily when there are inventories to consider, the accrual basis is the only method which will properly reflect the taxpayer's income.[2]

"[Note 2.] See Treas.Reg. 111, Sec. 29.41–2. Aluminum Castings Co. v. Routzahn, 282 U.S. 92, 99, 51 S.Ct. 11, 75 L.Ed. 234."

Aluminum Castings Co. v. Routzahn, 1930, 282 U.S. 92, 51 S.Ct. 11, 14, 75 L.Ed. 234.

"Petitioner, relying on the declarations in its returns that they were made on the basis of actual receipts and disbursements, contends that for that reason they must be deemed made under section 12(a) and not under section 13(d). But whether a return is made on the accrual basis, or on that of actual receipts and disbursements, is not determined by the label which the taxpayer chooses to place upon it. The use of inventories, and the inclusion in the returns of accrual items of receipts and disbursements appearing on petitioner's books, indicate the general and controlling character of the account, * * * and support the finding of the trial court that books and returns were on the accrual basis."

The net worth method of proof and gross expenditures method of proof have been approved by the Eighth Circuit

Court of Appeals in the following cases: Mitchell v. United States, 8 Cir., 208 F.2d 854, certiorari denied 347 U.S. 1012, 74 S.Ct. 863. Banks v. United States, 8 Cir., 1953, 204 F.2d 666, certiorari pending for re-argument 347 U.S. 1007, 74 S.Ct. 861.

In Hooper v. United States, 10 Cir., 1954, 216 F.2d 684, at page 686, the Court stated as follows:

"By virtue of 26 U.S.C.A. § 54(a) and Supplement to Regulations 111, Income Tax, § 29.54-1, it was the duty of Hooper to keep permanent books of account or records that would be sufficient to establish the amount of gross income and the deductions, credits and other matters required to be shown in his income tax returns for the tax years involved. That Hooper failed to do. It was, therefore, proper for the Government to resort to the net worth method of establishing his income for the years 1946 to 1951, inclusive."

The Court further stated at page 688, as follows:

"The phrase in 26 U.S.C.A. § 145(b), 'attempts in any manner to evade or defeat any tax imposed by this chapter' means that a taxpayer well knowing that he is legally obligated to pay a tax, knowingly and with a specific wrongful intent and purpose, undertakes to evade such tax. The act must be done wilfully and knowingly, as distinguished from that done as the result of accident, mistake, neglect, or because of a bona fide belief that the income involved is not taxable. However, direct proof of the requisite wrongful intent and purpose is not necessary. It may be inferred from the defendant's actions."

In Strauch v. United States, 6 Cir., 1954, 213 F.2d 805, at page 806, the Court stated:

"And it appearing that the net worth figures introduced by the government bearing on the charge against Jacob Strauch were relevant and corroborated the Government's contention that income not reported by appellant Jacob Strauch was received in the taxable years."

The three essentials which the Government must prove in cases of this type are:

(1) An attempt to evade and defeat a tax owing;

(2) Wilfulness; and

(3) An additional tax owing.

In Spies v. United States, 317 U.S. 492, at page 499, 63 S.Ct. 364, 368, 87 L.Ed. 418, the Court stated:

" * * * affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries of alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. If the tax-evasion motive plays any part in such conduct the offense may be made out * * *."

In United States v. Murdock, 290 U.S. 389, at pages 394–395, 54 S.Ct. 223, 225, 78 L.Ed. 381, the Court stated:

"The word often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But, when used in a criminal statute, it generally means an act done with a bad purpose * * *; without justifiable excuse * * *; stubbornly, obstinately, perversely * * *. The word is also employed to characterize a thing done without ground for believing it is lawful * * *, or conduct marked by careless disregard whether or not one has the right so to act * * *."

In Clark v. United States, 8 Cir., 1954, 211 F.2d 100, at page 103, the Court stated:

"The Government is not required to establish income-tax evasion by the same processes and formalities which a taxpayer is required to observe in making his return. The existence of unreported income may be demonstrated by any practical method of proof that is available on the circumstances of the particular situation."

In Myres v. United States, 8 Cir., 1949, 174 F.2d 329, at page 334, certiorari denied 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520, the Court stated as folows:

"The first contention of the defendant is that he was entitled to a directed verdict of acquittal; that the decision of the Supreme Court in Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, precluded his being convicted under § 145(b) of the Internal Revenue Code. We cannot agree. A similar contention was rejected by this Court in Cave v. United States, 8 Cir., 159 F.2d 464, certiorari denied 331 U.S. 847, 67 S.Ct. 1732, 91 L.Ed. 1856. Compare, Rick v. United States [82 U.S.App.D.C. 101], 161 F.2d 897. In Cave v. United States supra, this Court said, page 467 of 159 F.2d; '* * * The crime denounced by § 145(b) of willfully attempting to defeat or evade the tax is complete when the taxpayer willfully and knowingly files a false and fraudulent return with intent to defeat or evade any part of the tax due in the United States. Guzik v. United States, 7 Cir., 54 F.2d 618, 619, certiorari denied 285 U.S. 545, 52 S.Ct. 395, 76 L.Ed. 937; Bowles v. United States, 4 Cir., 73 F.2d 772, 774.'

"In the instant case the defendant's return for each of the years in suit was false. The following inferences, we think, reasonably can be drawn from the evidence, viewed in the aspect most favorable to the government: (1) that the defendant knew that his return for each year was false, and (2) that he filed it with intent to defeat or evade a part of the tax due the United States. One may be presumed to intend the necessary and natural consequences of his acts. Reynolds v. United States, 98 U.S. 145, 167, 25 L.Ed. 244; Toof v. Martin, 13 Wall. 40, 48, 80 U.S. 40, 48, 20 L.Ed. 481; Wager v. Hall, 16 Wall. 584, 599, 83 U.S. 584, 599, 21 L.Ed. 504; General Motors Acceptance Corporation v. United States, 6 Cir., 40 F.2d 599, 600; Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 419, 150 A.L.R. 1056, certiorari denied 321 U.S. 781, 64 S.Ct. 638, 88 L.Ed. 1074. The District Court committed no error in refusing to direct a verdict of acquittal."

In Gleckman v. United States, 8 Cir., 80 F.2d 394, at page 401, certiorari denied 297 U.S. 709, 56 S.Ct. 501, 80 L.Ed. 996, the Court stated:

"The gist of the charge here is that there was a tax due and a willful attempt to evade it. Testimony sufficient to satisfy the jury beyond a reasonable doubt upon the issue was all that was required and the proof that large amounts were taken out of some kind of business and were used as his own by the defendant, considered together with the circumstantial evidence referred to and the evidence tending to show that he had unreported net gains during the year and that his net worth was increased thereby, required submission to the jury."

In Schuermann v. United States, 8 Cir., 174 F.2d 397, at page 399, certiorari denied 338 U.S. 831, 70 S.Ct. 69, 94 L.Ed. 505, the Court stated:

"While the government had the burden of proof, it was not required to make a perfect case or to prove the defendant guilty to a mathematical certainty. The government did not have to establish the exact amount of unreported income of the

838

defendant. United States v. Johnson, 319 U.S. 503, 517, 63 S.Ct. 1233, 87 L.Ed. 1546. Evidence which, if unexplained and uncontradicted, will justify a conclusion that a taxpayer had income which he deliberately failed to include in his return, is enough to take a case such as this to the jury. Compare, Affronti v. United States, 8 Cir., 145 F.2d 3, 6, and Guzik v. United States, 7 Cir., 54 F.2d 618, 620.

"We think it reasonably may be inferred, from the defendant's returns for the years prior to 1942, that the likelihood of his having accumulated a large surplus from his activities was negligible. One can believe that his business, like many other enterprises, legal and illegal, was a beneficiary of the prosperity of the war years, and that his expenditures kept pace with his income. If the skill of the tax evader in concealing income is not to become 'an invincible barrier to proof,' United States v. Johnson, supra, 319 U.S. at page 518, 63 S.Ct. at page 1240, 87 L.Ed. 1546, the federal appellate courts will have to rely heavily upon the sound judgment of the trial courts in appraising the sufficiency of the evidence to warrant submission of a tax evasion case to a jury, and upon the fairness and common sense of juries in determining guilt or innocence when such cases are submitted to them. See United States v. Johnson, supra, 319 U.S. 503, at pages 519–520 63 S.Ct. 1233, 87 L.Ed. 1546."

 The Court is of the opinion that it permitted a wide and extensive cross-examination by defendant of the Government witnesses, especially of witness Joseph Kohlan. It is well settled that the extent of cross-examination rests in the sound discretion of the trial judge. Myres v. United States, 8 Cir., 1949, 174 F.2d 329, 334. Defendant, in addition to cross-examination of witness Kohlan was attempting to prove its defense in chief through cross-examination rather than

to place upon the stand his witnesses in order to place into evidence the testimony upon which he relied in defense. This was not proper cross-examination. See United States v. Hornstein, 7 Cir., 1949, 176 F.2d 217, 220, 221.

As recently stated in Mitchell v. United States, 9 Cir., 1954, 213 F.2d 951, at page 956:

"It is well settled that the extent of cross-examination and the restriction of the use of leading questions rest in the sound discretion of the trial court."

The value of evidence bearing on the net worth method of proof recently has been sustained by the Supreme Court of the United States in Holland v. United States of America, 75 S.Ct. 127; Friedberg v. United States of America, 75 S.Ct. 138; Smith v. United States, 75 S.Ct. 194 and United States of America v. Calderon, 75 S.Ct. 186.

Defendant in this case admitted that he failed to report his true gross income on his 1947 income tax return. In that return defendant stated that his total receipts were $90,927.08. The testimony clearly disclosed that for the year 1947 his total business receipts were in excess of $600,000. He, therefore, understated his gross income from business in an amount in excess of $500,000. In addition, his books and records were wholly inadequate. The Internal Revenue Agents had to reconstruct his income by going through over 6,000 whiz tickets. Many of them were duplicates which the agents testified were explained by defendant to them, which explanations they then noted on their summary charts. At the trial defendant had different explanations for those whiz tickets than he gave to the Internal Revenue Agents.

 The Court is of the opinion that the defendant was proved guilty beyond a reasonable doubt, that he had a lengthy and fair trial and was represented by two very able and competent attorneys. The Court is further of the opinion that the evidence is substantial, that defendant knowingly and wilfully attempted to

defeat ana evade a substantial part of the income taxes due and owing to the United States of America for the calendar year 1947.

It follows from the foregoing that the motions for judgment of acquittal or in the alternative for a new trial, and each of them, in all respects should be denied. It is so ordered.

An exception is allowed.