85 F.3d 640
 77 A.F.T.R.2d 96-2226, 96-1 USTC P 50,251
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John L.D. FRAZIER, Nancy F. Frazier, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-9000.
(D.C.No. 704-92).
 United States Court of Appeals, Tenth Circuit.
 May 7, 1996.
 
 Before BRORBY, McWILLIAMS and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT*
 LUCERO, Circuit Judge.
 
 
 1
 Taxpayers John L.D. Frazier and Nancy F. Frazier appeal from a Tax Court decision upholding in part a determination by the Commissioner of Internal Revenue that Taxpayers were deficient in payment of their income taxes from 1986 through 1990. The case turns on whether reimbursements by the Full Service Beverage Corporation (FSB) of various expenses incurred by Taxpayers were properly characterized as constructive dividends, taxable as income. Taxpayers contest this characterization with respect to 46 expenditures. Our jurisdiction arises under 26 U.S.C. § 7482. We affirm in part, reverse in part and remand for recomputation of the deficiencies and additions.
 
 
 2
 FSB is a Wichita-based soft drink bottler and distributor. Mr. Frazier, Chairman of the Board and Chief Executive Officer of FSB, owned about 10% of the company's stock. Mrs. Frazier was not an employee, officer or shareholder of FSB. During the years 1986-1990, FSB reimbursed Taxpayers for various expenses relating to travel, associations to which Mr. Frazier belonged, and other miscellaneous activities.
 
 
 3
 In December 1991 the IRS notified the Fraziers of substantial deficiencies in their 1986 and 1987 income tax payments, and imposed additions to tax under 26 U.S.C. §§ 6653 and 6661 (1988). In February 1992, the IRS sent a second notice of deficiency, listing deficiencies for 1988-1990, and imposing additions under 26 U.S.C. § 6661 and § 6662(a). The Fraziers filed petitions with the United States Tax Court for redetermination of these deficiencies. The Tax Court upheld the Commisioner's determination with respect to $17,861 worth of the deficiencies for 1986, $16,902 for 1987, $12,073 for 1988, $8,409 for 1989, and $3,267 for 1990, and with respect to the additions to tax resulting from those totals. The Fraziers appeal to this court on 46 items characterized below as constructive dividends.[1]
 
 
 4
 Under the Internal Revenue Code, gross income includes "dividends," 26 U.S.C. § 61(a)(7), which are any distribution of property by a corporation to its shareholders, 26 U.S.C. § 316(a), save certain exceptions not relevant here. It is not necessary that "dividends" be intended, referred to or recorded as such. Dolese v. United States, 605 F.2d 1146, 1152 (10th Cir.1979), cert. denied, 445 U.S. 961 (1980). Rather, what matters is whether a distribution conferred an economic benefit on the shareholder without expectation of repayment. Id.
 
 
 5
 A distribution to a shareholder is a constructive dividend if it is nondeductible to the corporation, and if it represents some "economic gain, benefit or income" to the taxpayer. Meridian Wood Prods. Co. v. United States, 725 F.2d 1183, 1191 (9th Cir.1984). "Not every corporate expenditure incidentally conferring economic benefit on a shareholder is a constructive dividend. Of determinative significance is whether the distribution was primarily for shareholder benefit." Crosby v. United States, 496 F.2d 1384, 1388-89 (5th Cir.1974) (citations and quotations omitted). Appellants assert that all of the challenged corporate expenditures were ordinary and necessary business expenses, and were not primarily for the shareholder's benefit. The taxpayer carries the burden of proving that the Commissioner's rulings are invalid. Tax Court Rule 142(a). See also A. & A. Tool & Supply Co. v. Commissioner, 182 F.2d 300, 302 (10th Cir.1950). We review the Tax Court's determinations that payments were constructive dividends for clear error. Loftin & Woodard, Inc. v. United States, 577 F.2d 1206, 1215 (5th Cir.1978).
 
 
 6
 Most of Taxpayers' asserted grounds for appeal are factual challenges to the Tax Court's findings, devoid of legal analysis. These challenges tend to rehash, often verbatim, arguments already presented to the trial court. Consequently, we do not choose to discuss the bulk of the issues here. For substantially the same reasons stated by the Tax Court, we affirm on Tax Court Issues 2, 3, 10, 32, 37, 41, 44, 52, 55, 56, 67, 70, 76, 77, 80,[2] 82, 83, 84, 114, 122, 130, 131, 132, 133, 135, 136, 139 and the issue labeled "Legal Fees/Ltr of Credit." We also find that the record supports the court's determinations with regard to Issues 39, 61, 81, 97, 98, 104, 107, 108, 115, 146, and affirm those determinations. Several issues merit discussion.
 
 
 7
 Issue 46. In order for Mr. Frazier to attend a one-day seminar on Friday and have a business dinner that evening, both Taxpayers stayed in New York from Thursday evening through Sunday. FSB paid for the entire weekend, at a cost of $2,694.56. Taxpayer claims that he arrived the night before the seminar because the seminar began early in the morning on Friday, and stayed until Sunday in order to get a cheaper airfare. The savings on the airfare would seem to be diminished by staying extra nights at a $400 per night hotel, attending the theatre, and buying various personal items. Finding $1401.97 of this expense to be constructive dividends was not clear error.[3]
 
 
 8
 Issue 99. Mr. Frazier went to Europe on a trip financed by the Cadbury Schweppes Company, who he claims is FSB's largest supplier. Afterwards, Mr. Frazier went to London to meet with Dominic Cadbury, the chairman of Cadbury Schweppes. The Commissioner accepted Mr. Frazier's contention that a $1,561 dinner was "a business expense for thanking the travelers' hosts," T.C.M.1994-358 at 53 n. 20, and deducted several duplicated items from the total adjustment. The Commissioner appears to have also deducted the cost of all other items contested by the Fraziers except for one, a $506.88 payment for stationery. Although Mr. Frazier characterized this expense as "office supply," Tr. at 324, and said he used it for "business correspondence," Tr. at 325, he also stated that he used it "to write personal notes to people," id. Moreover, Mr. Frazier failed to show that the portion of his trip in London had any business purpose. Although it is conceivable that a visit with an important source of business might be of benefit to FSB, the tax court's determination that Taxpayers failed to demonstrate such a benefit here was not clearly erroneous.
 
 
 9
 Issue 35. This item is a Christmas gift sent to Mr. Frazier's sister, a shareholder of FSB. The Fraziers assert that the gift was not a constructive dividend because it was given as part of a company policy: "as a general rule we give gifts to [all of the major shareholders]--this year we gave baskets of fruit. We sent out about 30 of them." Tr. at 74-75. However, this gift appears to be meat, not a fruit basket. In addition, the expenditure of $329.75 seems to cover gifts for four individuals or couples, and Mr. Frazier did not testify that the others on the list were shareholders. In light of these facts, we can not conclude that the Tax Court committed clear error in designating the entire sum a constructive dividend.
 
 
 10
 Issue 62. This issue concerns an expense of $917.66, to which both parties stipulated. The Fraziers claim they are unable to locate this item in their records and should therefore not be held responsible for it. However, Taxpayers' inability to identify the expense does not relieve them of their burden of proof. We affirm.
 
 
 11
 Issue labeled "Contrib/Yale" and Issue 138. Both of these issues concern donations from FSB to charitable organizations--the Yale Alumni Association of Wichita and the Salvation Army. Although the Tax Court noted that many of FSB's charitable contributions were not constructive dividends to Taxpayers, it concluded that Taxpayers had failed to show that the donations were deductible to FSB and did not primarily benefit Taxpayers. In the case of the Yale contribution, Mr. Frazier was a Yale alumnus and the donation helped finance an alumni event. With respect to the Salvation Army contribution, the money ostensibly covered payment to a caterer for lunches held at FSB in order to plan a capital funds drive for the Salvation Army. Mr. Frazier was a director of the Salvation Army, and the chairman of a task force convened to plan the capital funds drive.
 
 
 12
 We affirm with respect to the Yale contribution. However, we are unable to affirm the court's determination regarding the Salvation Army lunches. The court ultimately made an adjustment of $533.09. It explained, "[t]his amount represents the costs of three luncheons involving the Salvation Army, which held the meetings at FSB as a convenience to petitioner. There is no factual information that this meeting had a FSB business connection." T.C.M.1994-358 at 54 n. 28. The parties' stipulation of facts lists four Salvation Army lunches under this issue number. We fail to see how, in any combination, these lunches add up to $533.09. The court seems to have mistakenly taken the total of the 1989 items listed for this issue, which include one Salvation Army luncheon and several other luncheons. We remand for redetermination of this adjustment. Because the Salvation Army lunches took place over two tax years, the court should make clear to which year's taxes any dividends apply.
 
 
 13
 We REMAND on Tax Court Issue 138. To the extent that the Tax Court changes this adjustment, it will also be necessary to redetermine the additions to tax for the affected year or years. In all other respects, we AFFIRM.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Because the Tax Court, appellants and the Commissioner each organize the issues differently, the enumeration of issues in this case is somewhat confusing. During proceedings before the Tax Court, the parties presented approximately 180 "Tax Court Issues." In this order, we will also refer to expenses using these Tax Court Issue numbers. Two issues, although addressed below, were not given numbers, and are therefore addressed here, as below, as "Legal Fees/Ltr of Credit" and "Contrib/Yale."
 
 
 [2]
 Under harmless error review, we note that the Tax Court's order regarding Issue 80 identifies Buenos Aires as a city in Brazil. We conclude that this error did not affect the correctness of the Tax Court's determination
 
 
 [3]
 On pp. 15-18 of the Tax Court memorandum opinion, the court discusses FSB's payment of various expenses incurred by Mrs. Frazier. With some exceptions, it concludes that the Fraziers failed to show that Mrs. Frazier's expenses were so proximately related to FSB's business that they should not be characterized as constructive dividends. We agree with this analysis to the extent it applies to the issues on appeal